E. D. FARMER and Another v. STILLWATER WATER COMPANY and Others.[1]

April 25, 1902.

Nos. 12,910—(55).

**Expert Witness—Fees.**
The issue presented by the pleadings was the reasonableness of a hydrant-rental contract for the period of thirty years, between a municipality and a private water company. *Held,* hydraulic engineers, called as witnesses to testify to the nature, cost, and efficiency of the water system, were experts, and entitled to reasonable fees as such. *Held,* that the trial court did not abuse its discretion in fixing the fees of such witnesses in this case.

Appeal by plaintiffs from that portion of a judgment of the district court for Washington county, Williston, J., which in-- volved the taxation of expert witness fees. Affirmed.

*J. N. Castle,* for appellants.
*J. N. Searles,* for respondents.

[1] Reported in 90 N. W. 10.

LEWIS, J.

This action was commenced against the city of Stillwater and the Stillwater Water Company to test the validity of a thirty-year contract existing between the city and the water company with reference to hydrant rentals. As appears from the pleadings, the case was submitted and tried upon two propositions,— the reasonableness of the hydrant-rental contract, set out in the ordinance; and the reasonableness of the thirty-year period for which the contract was to run. Judgment upon the merits was entered for the defendant water company, and the plaintiff appeals to this court from that part of it involving taxation of costs for expert witnesses summoned on behalf of the defendant water company.

Appellant takes the position that, under the issues presented by the pleadings, the witnesses whose fees are involved in this appeal were not, in any sense, experts, but, if they were, that they were entitled to fees only for the days upon which they actually testified, and not for the additional time they were in attendance upon the court. The record does not include the evidence taken at the trial, so we can only judge of the nature of the testimony produced by these witnesses from the issues presented by the pleadings, and the affidavit in support of the allowance and taxation of fees. The affidavit states that it became necessary for the water company, in preparing for trial, to procure expert witnesses to testify to the general character of the water-supply system, the original cost, the necessity of the system installed, and its efficiency; that the witnesses named were hydraulic engineers and specialists; and that the fees paid them were just and reasonable for each day's attendance by them. Upon motion the court made an order allowing one expert witness $20, and three others $25, per day, each. In Le Mere v. McHale, 30 Minn. 410, 15 N. W. 682, the court construe G. S. 1894, § 5547, and define an "expert witness" as follows:

"This statute was designed to apply to cases where witnesses are called to testify to an opinion founded on special study or experience in any profession or calling, or to make scientific or

professional examination of some matter connected with the issues in the case, and then state the results."

So far as we are able to judge from the issues presented, and the affidavits and order of the court, the witnesses in this case come within this definition; and, it appearing that they were men of great experience in their profession, there is nothing to indicate that the court abused its discretion in fixing the per diem amount of their fees, and it is presumed that, in so doing, account was taken of the number of days of actual attendance. The fact that these witnesses were not upon the stand testifying during each of the days they were in waiting can make no difference. They were subpœnaed to be in court, and presumably their time was of as much value when waiting in attendance as when engaged in giving evidence. In this respect there can be no distinction between expert and other witnesses.

Judgment affirmed.