## HENKEL, ADMINISTRATRIX, *v.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RY. CO.

No. 387. Argued January 21, 1932.—Decided February 15, 1932.

*Mr. Everett Sanders* argued the cause, and *Mr. Frederick M. Miner* filed a brief, for Henkel, Administratrix.

*Mr. William T. Faricy,* with whom *Mr. R. N. Van Doren* was on the brief, for the Chicago, St. P., M. & O. Ry. Co.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This action was brought in the Federal District Court for the District of Minnesota under the Federal Employers' Liability Act to recover damages for the death of the plaintiff's intestate. Upon obtaining a verdict, the plaintiff asked for an order allowing fees for expert witnesses who had testified at the trial. The application was made under the following provision of the Minnesota statutes (Mason's Minn. Stat. 1927, § 7009):

" Expert Witnesses.—The judge of any court of record, before whom any witness is summoned or sworn and

examined as an expert in any profession or calling, may, in his discretion, allow such fees or compensation as in his judgment may be just and reasonable."

Under this statute it appears to be the practice of the state courts of Minnesota to allow reasonable fees of expert witnesses, which are included in the taxable costs and become part of the judgment. The allowance is in the discretion of the trial court. *Farmer* v. *Stillwater Water Co.*, 86 Minn. 59; 90 N. W. 10; *Melander* v. *County of Freeborn*, 170 Minn. 378, 381; 212 N. W. 590, 591.

The District Court denied the application for want of power under the federal statutes. The Circuit Court of Appeals, having the judgment before it on appeal, has certified to this Court the following question:

"Has a United States District Court power and authority to allow expert witness fees, and to include the same as part of the taxable costs in a law case, said United States District Court being for and sitting in a State the Courts of which are by a state statute authorized, in their discretion, to allow expert witness fees, and the practice and usage in said state courts being to make such allowances and to include the same in the taxable costs, but there being no such usage and practice in said United States District Court?"

The Judiciary Act of September 24, 1789, c. 20, 1 Stat. 73, contained references to costs, but no fee bill. By the Process Act of September 29, 1789, c. 21, 1 Stat. 93, it was provided that the "rates of fees . . . in the circuit and district courts, in suits at common law," should be the same as were "used or allowed" in state courts. This was a temporary act (*id.*, 123, 191) but, under it and later legislation of a similar sort, the federal system was put in operation. It thus became "the practical usage of the Courts of the United States to conform to the State laws as to costs, when no express provision has been made and

is in force by any act of Congress in relation to any particular item, or when no general rule of court exists on this subject." Mr. Justice Woodbury in *Hathaway* v. *Roach*, 2 Woodb. and M. 63, 67; Mr. Justice Nelson in " Costs in Civil Cases," 1 Blatchf. 652; *The Baltimore*, 8 Wall. 377, 390–392; *Ex parte Peterson*, 253 U. S. 300, 316. But when the Congress has prescribed the amount to be allowed as costs, its enactment controls. *The Baltimore*, *supra*.

Specific provision as to the amounts payable and taxable as witness fees was made by the Congress as early as the Act of February 28, 1799, c. 19, § 6, 1 Stat. 624, 626. See, also, Act of February 26, 1853, c. 80, § 3, 10 Stat. 161, 167; Rev. Stat. § 848. The statute now applicable is the Act of April 26, 1926, c. 183, 44 Stat. 323. U. S. C. Tit. 28, §§ 600a to 600d.[1] Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts. *The William Branfoot*, 52 Fed. 390, 395; *In re Carolina Cooperage Co.*, 96 Fed. 604, 605; *Bone* v. *Walsh Construction Co.*, 235 Fed. 901, 903, 904; *Cheatham Electric Co.* v. *Transit Development Co.*, 261 Fed. 792, 796.

The appellant, seeking the application of the statute of Minnesota, invokes the rule that " the laws of the sev-

---

[1] Sections 600a and 600c are as follows:

" 600a. *Per diem; mileage.* That . . . witnesses (other than witnesses who are salaried employees of the Government, and detained witnesses) in the United States courts, . . . who attend, . . . shall be entitled to a per diem for each day of actual attendance and for each day necessarily occupied in traveling to attend court, . . . and return home, and, in addition, mileage as provided in sections 600b to 600d of this title.

* * * * *

: " 600c. *Amount of per diem and mileage for witnesses; subsistence.* Witnesses attending in such courts, . . . shall receive for each day's attendance and for the time necessarily occupied in going to and

eral States, except where the Constitution, treaties or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States in cases where they apply." U. S. C., Tit. 28, § 725. But this provision, by its terms, is inapplicable, as the Congress has definitely prescribed its own requirement with respect to the fees of witnesses. The Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses. Its legislation must be deemed controlling and excludes the application in the federal courts of any different state practice. *United States* v. *Sanborn*, 135 U. S. 271, 282, 283; *Northern Pacific Ry. Co.* v. *Washington*, 222 U. S. 370; *Second Employers' Liability Cases*, 223 U. S. 1, 55; *Missouri Pacific R. Co.* v. *Porter*, 273 U. S. 341, 346; *Lindgren* v. *United States*, 281 U. S. 38, 45.

In *Ex parte Peterson*, *supra*, the question related to the fees of an auditor appointed by the court, and as the court had power to appoint him, and there was no statute or rule of court on the subject, the court had authority to allow the expense in the items taxable as costs. *Id.*, pp. 314, 317. The case of *People of Sioux County* v. *National Surety Co.*, 276 U. S. 238, was an action upon a surety bond. A Nebraska statute provided that in specified classes of cases, including that before the court,

---

returning from the same $2, and 5 cents per mile for going from his or her place of residence to the place of trial or hearing and 5 cents per mile for returning; *And provided further*, That witnesses (other than witnesses who are salaried employees of the Government and detained witnesses) in the United States courts, . . . who attend court . . . at points so far removed from their respective residences as to prohibit return thereto from day to day, shall, when this fact is certified to in the order of the court . . . for payment, be entitled, in addition to the compensation provided by existing law, as modified by sections 600a to 600d of this title, to a per diem of $3 for expenses of subsistence for each day of actual attendance and for each day necessarily occupied in traveling to attend court and return home."

the plaintiff on obtaining judgment should be allowed a reasonable sum as an attorney's fee. The requirement was mandatory. This court held that in such a case the attorney's fee was recoverable in the federal court, but was careful to point out that the amount was "not costs in the ordinary sense" and hence was "not within the field of costs legislation" covered by the federal statutes. In this view, the fact that the amount could not be taxed as costs in the federal courts did not preclude the recovery. "Since the right exists," said the Court, "the federal courts may follow their own appropriate procedure for its enforcement by including the amount of the fee in the judgment." *Id.*, p. 244.

The present case is simply one of the amount to be allowed as witness fees, to be included in the taxable costs, and the federal statute governs.

The question certified is answered

"*No.*"