No. 427.  VIRGINIA PETROLEUM JOBBERS ASSN. *v.* FEDERAL POWER COMMISSION ET AL.  United States Court of Appeals for the District of Columbia Circuit.  Certiorari denied.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS concurs, dissenting from denial of certiorari.

This case raises a very important question which I think we should grant certiorari to settle.  That question is whether the Federal Power Commission has authority

to refuse to summon a witness to testify to relevant facts in a hearing before it on the ground that the party summoning that witness refuses to compensate him as an expert witness over and above the amount authorized to be paid witnesses in courts under 28 U. S. C. § 1821.

The issue before the Federal Power Commission was the economic feasibility of a project of the Blue Ridge Gas Company to supply natural gas to Harrisonburg, Virginia. The witness desired was an engineer who had previously prepared a study of the project for Blue Ridge [1] and who had reported to it that the economic feasibility of the project was highly doubtful. The subpoena requested was for the engineer to appear and bring the papers and documents he had already prepared and used in his previous report. This would have been offered to rebut the evidence of Blue Ridge, favorable to the project, given by a second engineer who had been hired by Blue Ridge after the first engineer had given his unfavorable report. Since this evidence was heavily relied on by the Commission in finding that the project was feasible, there can be no doubt that the witness desired, the first engineer, could have given evidence highly relevant to a proper decision of the question before the Commission. Nevertheless, and in spite of the fact that § 6 (c) of the Administrative Procedure Act, 5 U. S. C. § 1005 (c), provides that agency subpoenas "shall be issued to any party upon request . . . upon a statement or showing of general relevance and reasonable scope of the evidence sought," the Commission refused to summon the witness on the ground that petitioner "should arrange for compensation to be paid to him as an expert witness, and for his voluntary attendance at the hearing." 21 F. P. C. 901, 902. This petition seeks certiorari to review the decision of the

---

[1] At that time Blue Ridge was known as Consumers Utility Company.

Court of Appeals, 110 U. S. App. D. C. 339, 293 F. 2d 527, upholding the Commission.

Since petitioner was willing to pay the fees prescribed for witnesses by Congress in 28 U. S. C. § 1821, the issue presented here seems to be substantially the same as that in *Henkel* v. *Chicago, St. P., M. & O. R. Co.*, 284 U. S. 444. There the plaintiff, Henkel, who had recovered a judgment against the railroad under the FELA, asked the court for an order allowing fees above the amounts provided in 28 U. S. C. § 1821 for ordinary witnesses in order to give extra compensation to expert witnesses who had testified in his behalf. This Court, in an opinion by Mr. Chief Justice Hughes, unanimously held that the only fees to expert witnesses allowable as costs in the federal courts were those provided for in § 1821. Since that time this Court has never modified or criticized in any way its statement that:

> "The Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses. Its legislation must be deemed controlling and excludes the application in the federal courts of any different state practice." *Id.*, at 447.[2]

Even so the Government seeks to justify enforced payment of extra fees by petitioner on two grounds: (1) that the Federal Power Commission acted within a discretion allowed it, and (2) that the error of the Commission, if any, in refusing to subpoena the witness was harmless. But administrative agencies, no more than courts, have inherent powers of discretion to nullify the mandatory provisions of 28 U. S. C. § 1821, and the Commission has pointed to no statute which gives it power to compel the payment of greater fees to expert witnesses than are paid

---

[2] See *In re Hayes*, 200 N. C. 133, 156 S. E. 791, for a general discussion of compelled testimony of expert witnesses.

to witnesses who testify in the courts. As for the Commission's argument that the error was harmless, I can find nothing in this record to justify such a contention. The witness the Commission refused to summon had a broad knowledge of the economic feasibility of the gas project under consideration—his unfavorable report apparently being chiefly responsible for the dropping of the project once before. To sustain the Commission's contention of harmless error in this case would be to assume that no evidence could possibly have been introduced that would have changed the Commission's mind or altered the result on judicial review of the Commission's order by the Court of Appeals. I am not willing to make any such assumption, nor am I willing to leave unchallenged the decision in this case which suggests that administrative agencies have a broad discretion in matters involving large public interests such as here to force parties before administrative agencies to pay burdensome expert witness fees in order to present admittedly relevant evidence to them. It is for that reason that I am expressing my objection to the denial of certiorari in this case.

*Bryce Rea, Jr.* for petitioner. *Solicitor General Cox, Assistant Attorney General Orrick, Morton Hollander, Ralph S. Spritzer* and *Howard E. Wahrenbrock* for the Federal Power Commission, and *Donald E. Van Koughnet* for the Blue Ridge Gas Company, respondents.