**E. W. BLISS COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 35729.**

United States District Court
N. D. Ohio, E. D.

Feb. 10, 1964.

See also D.C., 224 F.Supp. 374.

James C. Davis, Laurence E. Oliphant, Jr., Squire, Sanders & Dempsey, Cleveland, Ohio, James P. Murtagh, Chester C. Davis, John E. Terzis, Simpson, Thacher & Bartlett, New York City, for plaintiff.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, John B. Jones, Jr., First Asst. Atty. Gen., Edward S. Smith, Jerome Fink, Peter Ciano, Solomon Fisher, Attys., Dept. of Justice, Washington, D. C., for defendant.

McNAMEE, District Judge.

This is an action for the recovery of allegedly excessive income tax payments for the year 1951 in the sum of $900,093.-46. Of this amount $827,134.34 is attributable to the Government's excessive valuation of plaintiff's inventory. The balance of $72,958.52 represents franchise tax refunds from the state of New York which allegedly acccrued in favor of the taxpayer in 1951, but were not entered upon its books until several years later.

The Court found for the plaintiff on the inventory issue in the sum of $777,-606.78, but denied recovery on the issue involving the claim of franchise tax refunds. Costs were awarded plaintiff as the prevailing party. The taxpayer produced three expert witnesses who testified in its favor on the first issue mentioned above. The fees and expenses of such witnesses amount to $7,122.74, which has been included in a cost bill filed by the taxpayer with the Clerk. The

Government objects to the allowance to plaintiff as costs of any fees or expenses for witnesses in excess of the statutory fees and expenses allowable to witnesses generally.

Taxable costs for witnesses are prescribed in Section 1821, T. 28, as follows:

" § 1821. Per diem and mileage generally; subsistence

"A witness attending in any court of the United States, or before a United States commissioner, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence. Regardless of the mode of travel employed by the witness, computation of mileage under this section shall be made on the basis of a uniform table of distances adopted by the Attorney General. Witnesses who are not salaried employees of the Government and who are not in custody and who attend at points so far removed from their respective residence as to prohibit return thereto from day to day shall be entitled to an additional allowance of $8 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance: *Provided*, That in lieu of the mileage allowance provided for herein, witnesses who are required to travel between the Territories and possessions, or to and from the continental United States, shall be entitled to the actual expenses of travel at the lowest first-class rate available at the time of reservation for passage, by means of transportation employed: *Provided further*, That this section shall not apply to Alaska."

Rule 54(d) F.R.Civ.P. reads in part:

" * * * costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law."

Section 2412, 28 U.S.C.A., is relevant, and reads:

"(a) The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress.

"(b) In an action under subsection (a) of section 1346 or section 1491 of this title, if the United States puts in issue plaintiff's right to recover, the district court or Court of Claims may allow costs to the prevailing party from the time of joining such issue. Such costs shall include only those actually incurred for witnesses and fees paid to the clerk.

"(c) In an action under subsection (b) of section 1346 of this title, costs shall be allowed in all courts to the successful claimant, but such costs shall not include attorneys' fees. June 25, 1948, c. 646, 62 Stat. 973."

The principal action here was brought under Section 1346(a) and, as expressly provided in Section 2412(b), costs may be allowed to the prevailing party:

"Such costs shall include only those actually incurred for witnesses and fees paid to the clerk."

The taxpayer contends that by virtue of the foregoing provisions of Section 2412(b), the Court has express power in this case to allow as costs to the prevailing party those costs actually incurred for expert witnesses. The taxpayer cites no case law in support of its position. Nor does it point to any words of the statute that explicitly or by clear implication provide for the allowance of additional compensation to expert witnesses. Nowhere in the statute does the term "expert witness" appear. Nor is there any indication in the statute that costs "actually incurred for witnesses" include additional compensation for expert witnesses. It is axiomatic that Congressional intent is to be ascertained by

giving effect to the words used in a statute. Viewed by this standard, it readily appears that plaintiff's construction of Section 2412(b) is entirely fallacious. That section contains two sentences. The first is a grant of power to district courts to award costs to a prevailing party in cases brought under Section 1346(a). The second sentence of Section 2412(b) places a ceiling upon the allowable taxable costs. The word "costs" is used once in each sentence. As used in the first sentence, "costs" necessarily means taxable costs under existing law. The word "costs" as used in the second sentence of Section 2412(b) can have no different meaning. The term "such costs" as used there refers to the costs mentioned in the first sentence and together with the other integrated words of the second sentence, limits the allowable costs to those actually incurred for witnesses and fees paid to the clerk. The words "actually incurred" refer to costs taxable for witnesses under existing law—i. e., costs incurred for per diem, mileage and subsistence under Section 1821; actual payment being unnecessary. Vincennes Steel Corp. v. Miller, 94 F.2d 347, 349 (C.A. 5), Headnotes 6–7. The amounts of allowable costs prescribed in Section 1821 apply to expert witnesses as well as to witnesses who testify only as to their knowledge of facts. See: Henkel v. Chicago, etc. Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386. The Supreme Court, in denying the application of the Rules of Decision Act to the issues in that case, examined the scope of the predecessor sections to Section 1821, and said:

" * * * Congress has definitely prescribed its own requirement with respect to the fees of witnesses. The Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses." (284 U.S. p. 447, 52 S.Ct. p. 225, 76 L.Ed. 386)

In another part of its opinion, the Court made the following statement:

"Specific provision as to the amounts payable and taxable as witness fees was made by the Congress as early as the Act of February 28, 1799, c. 19, § 6, 1 Stat. 624, 626. See, also, Act of February 26, 1853, c. 80, § 3, 10 Stat. 161, 167; Rev. Stat. § 848. The statute now applicable is the Act of April 26, 1926, c. 183, 44 Stat. 323. U.S.C. Tit. 28, §§ 600a to 600d. Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts." (284 U.S. p. 446, 52 S.Ct. pp. 224–225, 76 L.Ed. 386)

It may be said here, as was said in Henkel, that "Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses" either in Section 1821 or Section 2412(b).

If the taxpayer's position here is sound, then fact witnesses in cases such as this are also entitled to additional compensation. That such a result was not within contemplation of Congress in enacting Section 2412(b) is too obvious to warrant discussion. Throughout this country's history it has been the consistent policy of Congress not to allow expert witness fees and expenses as taxable costs in cases tried in federal courts. The general practice has been to make no distinction as to amounts between fees of expert witnesses and fees of fact witnesses in computing taxable costs. It is fairly to be expected therefore that when and if Congress authorizes exceptions to this long-standing policy its intention will be made manifest in language of unmistakable clarity. No such showing has been made here.

The Government's motion to strike from the taxpayer's cost bill the fees and expenses of expert witnesses is granted.