**Jenelyn THORN and Jenelyn Thorn, Ancillary Administratrix of the Estate of Merle E. Thorn, Plaintiff,**

**v.**

**Claude E. BRYANT, and General Motors Corporation, Defendants.**

**GENERAL MOTORS CORPORATION, Defendant and Third-Party Plaintiff,**

**v.**

**PARKLAND CHEVROLET COMPANY, Inc., Third-Party Defendant.**

**Civ. A. No. 2407.**

United States District Court,
W. D. North Carolina,
Asheville Division.

Sept. 16, 1970.

Harold K. Bennett, of Bennett, Kelly & Long, Asheville, N. C., W. W. Taylor, Jr., and Thomas F. Ellis, of Maupin, Taylor & Ellis, Raleigh, N. C., for plaintiff.

William C. Morris, Jr., of Williams, Morris & Golding, Asheville, N. C., for Claude E. Bryant.

Harry DuMont, of Uzzell & DuMont, Asheville, N. C., for General Motors Corp.

Landon Roberts, of Meekins & Roberts, Asheville, N. C., for third-party defendant, Parkland Chevrolet Co., Inc.

MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon a motion filed by the defendant, Claude E. Bryant, for a review of the taxation of costs in this case. During the two trials of this cause the plaintiff and the other defendants offered a number of expert witnesses who testified in person and who traveled long distances from outside this district but within this country to attend court. Numerous depositions of medical and other expert witnesses were taken and offered at the trials. These witnesses demand expert witness fees far in excess of the statutory fee authorized under 28 U.S.C.A. § 1821, and travel expenses for more than one hundred (100) miles.

The costs in this case if taxed on the basis demanded by the plaintiff and the other defendants, will exceed the sum of $12,000. This unusually high cost bill resulted in part from two trials in the district court, each lasting two weeks, and one appeal to the Court of Appeals for the Fourth Circuit. The first trial occurred in July, 1968, prior to the effective date of the 1968 amendment to 28 U.S.C.A. § 1821, which amendment increased the statutory fees for witnesses from $4 to $20 per day. The second trial took place in July, 1970.

This action was brought by the plaintiff, Mrs. Jenelyn Thorn, a resident of the State of California, against the defendants, Claude E. Bryant, General Motors Corporation, and Parkland Chevrolet Company, Inc., for damages for personal injuries growing out of an automobile collision which occurred in the Western District of North Carolina. Plaintiff's doctors reside in the States of California and New Mexico and most all the other expert witnesses were from out of state or outside of this district.

The jury found that the plaintiff was injured by the negligence of the defendant, Claude E. Bryant and awarded her damages totalling $20,300. No negligence was found against General Motors Corporation or Parkland Chevrolet Company. After judgment was entered by this court the plaintiff moved for the payment of her costs in the sum of $4,382.22, and General Motors and Parkland Chevrolet Company moved for the allowance of their costs totalling $5,330.37 and $1,519.14, respectively. These costs total $11,231.73 and when added to the other court costs the total figure will exceed $12,000.

Under North Carolina law, General Statutes, § 6–52, expert witnesses, when compelled to attend and testify in court, shall be allowed such compensation and mileage as the court may in its discretion order. Under North Carolina practice and procedure the courts have for many years allowed expert witness fees in excess of the statutory fees for their appearance. It is generally conceded that the federal courts in North Carolina have followed this state practice.

■ It is contended that since this is a diversity case this court should look to and continue to follow state laws as to costs in accordance with the doctrine of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. However, since Congress has acted upon this subject, such a holding would in effect be treating the sections of the Judicial Code regulating costs as unconstitutional. The decisions of federal courts have in effect rejected this theory and this court concurs in such rejection.

28 U.S.C.A. § 1821, provides, in part, as follows:

"A witness attending in any court of the United States, or before a United States commissioner, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $20 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 10 cents per mile for going

from and returning to his place of residence * * *."

The Supreme Court in the case of Henkel v. Chicago, St. P. M. & O. Ry. Company, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386, held:

"The Congress has dealt with the subject comprehensively, and has made no exception of the fees of expert witnesses. Its legislation must be deemed controlling, and excludes the application in the federal courts of any different state practice." (Citations omitted).

While this decision was handed down prior to *Erie Railroad Company*, federal courts have nevertheless followed the *Henkel* rule without exception. This court can find no federal case wherein the state rule or practice is followed as to court costs.

The Fifth Circuit squarely held in the case of Green v. American Tobacco Company, 304 F.2d 70, at page 77 that:

"Under the present statute, 28 U.S. C.A. § 1821, the district court had no authority to tax costs for compensation to an expert witness in excess of the statutory attendance per day, mileage and subsistence allowance. The cost judgment is therefore reversed for entry by the district court of a judgment in accordance with this opinion."

The court cited the *Henkel* case and several other cases as well as 6 Moore's Federal Practice, § 54.77(5), Page 1367.

In the case of American Steel Works v. Hurley Construction Company, 46 F.R. D. 465, the Court held:

"The general rule is that an expert witness is entitled only to the regular statutory witness fees and the costs actually incurred above this amount are not taxable." Citing the *Henkel* and *Green* cases.

In Taylor v. Washington Terminal Company, 308 F.Supp. 1152 (D.C.D.Ct.) (reversed on other grounds), the court said:

"In his Motion, the Plaintiff also seeks as taxable costs, in addition to the costs taxed by the Court of Appeals, the fees he was compelled to pay his expert witnesses to testify at the second trial. Such fees are not recoverable as taxable costs." Citing the *Henkel* and *Green* cases and Moore's Federal Practice.

It is contended that the language in Rule 54(d), Federal Rules of Civil Procedure vests in the district judge discretion as to all court costs. This rule reads, in part, as follows:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *."

Since Congress has set witness fees and has made no exception of the fees of expert witnesses, the courts have no discretion to allow an expert fee in excess of the amount set forth in the statute. This is the clear holding of *Henkel* and this court finds no case overruling this decision.

The 100-mile limitation on travel expenses is not derived from a specific Act of Congress but instead has evolved from court interpretation of Rule 45(e), Federal Rules of Civil Procedure, that, with exceptions not here relevant, subpoenas requiring the attendance of witnesses at trial cannot be served outside the judicial district more than one hundred miles from the place of trial. The great bulk of judicial authority supports the 100-mile rule but the Supreme Court in a recent decision in Farmer v. Arabian American Oil Company, 379 U.S. 227, 85 S.Ct. 411 at Page 415, 13 L.Ed.2d 248, disagreed, and held:

"We cannot accept either the extreme position of the company that the old 100-mile rule has no vitality for any purpose or Farmer's argument that a federal district court can never under any circumstances tax as costs

expenses for transporting witnesses more than 100 miles."

The Court said further:

"It is sufficient here to point to Federal Rule of Civil Procedure 54(d), which provides that 'Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course · to the prevailing party unless the court otherwise directs * * *.' While this Rule could be far more definite as to what 'costs shall be allowed,' the words 'unless the court otherwise directs' quite plainly vest some power in the court to allow some 'costs.'"

The court therefore held that the matter of travel expenses beyond the 100-mile limit was in the discretion of the district judge, but cautioned:

"We do not read that Rule [54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how· meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute."

It is noted that the Supreme Court in the *Farmer* case affirmed the district court's decision limiting the travel expense of a witness from Arabia to the United States to the 100-mile rule, and Justice Goldberg, in a concurring opinion, strongly urged that the 100-mile limit rule be adhered to at all times.

 This court therefore holds that the expert witnesses testifying at the trials and appearing for the deposition hearings in this cause are entitled only to the regular statutory witness fees in effect at the time of their testimony.

In view of the excessive costs of this litigation, the court, in its discretion, limits all witnesses, lay and expert, who reside outside of this district, to travel expenses for not more than one hundred (100) miles from the Federal Court House, Asheville, North Carolina, said expenses to be paid at the rate in effect at the time of their testimony.