475 F.2d 918
 154 U.S.App.D.C. 334
 Philip BERRIGAN, Daniel J. Berrigan, Appellants,
v.
Maurice SIGLER, Chairman of the Board of Parole, and all
members of the said Board of Parole (all of whom
have their offices at room 354 HOLC
Building), et al.
 No. 73-1049.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 16, 1973.
Decided Jan. 17, 1973.
 
 Morton Stavis, Newark, N. J., for appellants.
 Gil Zimmerman, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Arnold T. Aikens, Asst. U. S. Attys., were on the pleadings, for appellees.
 Before BAZELON, Chief Judge, and WRIGHT and MacKINNON, Circuit Judges.
 ORDER
 PER CURIAM:
 
 
 1
 This case came on for consideration of the motion for emergency relief by way of summary reversal, and the court heard argument of counsel. While the denial of a temporary restraining order is normally not appealable, an exception is made where the denial serves for all practical purposes to render the cause of action moot or where appellant's rights will be irretrievably lost absent review. See McSurely v. McClellan, 138 U.S.App.D.C. 187, 191, 426 F.2d 664, 668 (1970); Dilworth v. Riner, 5 Cir., 343 F.2d 226, 229 (1965). Since it is evident that invitations to visit North Vietnam are granted sparingly and that the present invitation is subject to a time restriction which is soon to expire, the Parole Board's refusal to grant appellants permission to travel to North Vietnam and the District Court's order denying a temporary restraining order against such refusal will irretrievably deny appellants the opportunity presently afforded them and may well moot this case. Accordingly, we find that this court has jurisdiction to hear this appeal.
 
 
 2
 With respect to the question of the likelihood of success on the merits as it pertains to the District Court's denial of a temporary restraining order, it is uncontroverted that the Parole Board's refusal to approve appellants' proposed visit to North Vietnam interferes with their right to travel and their First Amendment right to freedom of association. The Parole Board has offered two justifications for this interference, arguing that the trip will interfere with Parole Board efforts to rehabilitate appellants and is contrary to the national interest as determined by the State Department. We find neither justification persuasive. The proposed visit to North Vietnam will be of short duration, and it is clear that it will not interfere with the rehabilitation of appellants, especially since the Board has made no active effort to rehabilitate appellants since the date of their release. While the proposed trip undoubtedly raises questions of the national interest in light of the current status of relationships between the United States and the government of North Vietnam, the Parole Board has no special competence in the area of foreign policy and such matters as these are best left in the control of the State Department, subject to the limitations imposed by law. See Lynd v. Rusk, 128 U.S.App.D.C. 399, 389 F.2d 940 (1967).
 
 
 3
 In view of the foregoing, we can find no interest, compelling or otherwise, served by the Board's refusal to approve appellants' proposed trip, and their right to travel and to freedom of association must prevail. See Sobell v. Reed, S.D.N.Y., 327 F.Supp. 1294 (1971).
 
 
 4
 It is therefore ordered by this court that the order of the District Court denying a temporary restraining order be, and it is hereby, vacated; and
 
 
 5
 It is further ordered by the court that appellee Parole Board members be, and they are hereby, temporarily restrained from withholding their approval of appellants' proposed trip to North Vietnam; and
 
 
 6
 It is further ordered by the court that this case is remanded to the District Court for further proceedings not inconsistent with this order.
 
 
 7
 Chief Judge BAZELON'S statement concurring, joined in by Circuit Judge J. SKELLY WRIGHT, is attached. Circuit Judge MacKINNON's statement dissenting is also attached.
 
 
 8
 It is further ordered by the court that, on application of the United States, this order is stayed until 6:00 p. m. today, January 17, 1973.
 
 
 9
 Statement of Chief Judge BAZELON, in which Circuit Judge J. SKELLY WRIGHT joins:
 
 
 10
 I would grant the Berrigans the relief they seek. That relief is not an order directing the government to permit them to travel to North Vietnam. Rather, it is an injunction restraining one federal agency-the United States Parole Board-from withholding permission for the trip. The authority-if any-of the Department of State to grant or deny its permission is not at issue in this case.
 
 
 11
 The most troublesome problem on these appeals is jurisdictional. By statute, our review is limited to final orders. The denial of a temporary restraining order does not commonly fall into that category. It is well-established, though, that the question of finality is a pragmatic one. Brown Shoe v. United States, 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962); McSurley v. McClellan, 138 U.S.App.D.C. 187, 426 F.2d 664 (1970). If the effect of denying the temporary restraining order is to preclude the trip altogether, it is, for practical purposes, a final determination and is accordingly ripe for review.
 
 
 12
 The Berrigans have represented to us that their opportunity to make the trip is fleeting; that they have a single, limited invitation from the North Vietnamese; that passenger flights to Hanoi are infrequent; and that failure to leave the United States on schedule will cause them to miss essential connections further on. In short, they maintain that any delay in resolving their claim will be tantamount to a denial. Absent refutation, we should accept those representations. On that basis, the case appears to be appropriate for appellate review.
 
 
 13
 The question on the merits is the Berrigans' claim that their Constitutional right to travel, Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992, has been denied. We consider this claim in the awareness that the Berrigans are presently under the legal authority of the Parole Board. The Board's authority can be exercised, however, only in accordance with the rule of law. That historic check on governmental power is central to our democratic traditions. A fundamental principle of law is that every governmental agency-including the Parole Board-must respect the rights of every citizen.
 
 
 14
 The Board has offered two explanations for its refusal to permit this particular trip:
 
 
 15
 1) The Board would be unable to exercise its "supervisory responsibilities looking to rehabilitation" of the two priests during the 10 days they are overseas.
 
 
 16
 2) It would be improper to permit travel to North Vietnam because the State Department has "informally" informed the Board that the trip would not be in the national interest.
 
 
 17
 The Board's first contention is so transparently unrealistic as to cast doubt on its entire presentation in this proceeding. Other than admitting the two brothers to parole, there is no indication that the Board has made any effort toward rehabilitation in regard to either of them. Since he was granted parole, Father Daniel Berrigan has traveled extensively in Europe and the United Kingdom. Never until now has the Board suggested that overseas travel would interfere with its unspecified supervisory activities. During his brief period as a parolee, Father Philip Berrigan's sole contact with the Board has been his request to come to this court for argument on his motion. Yet the Board claims that the need for rehabilitative supervision during the next ten days is so great as to justify the denial of a Constitutional right. In light of its prior record of inactivity, the Board's stated rationale cannot even be described as "facially legitimate and bona fide". Kleindienst v. Mandel, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972).
 
 
 18
 By implication, then, the Board's second point must be the real basis for its decision; but for the State Department's viewpoint, presumably, the Board would permit the trip. The Board concedes that the "impropriety" of this trip is a question within the State Department's "foreign relations competence". The Board also concedes that numerous Americans from all walks of life-including other priests, other pacifists, and other convicted felons-have traveled to Hanoi without objection from the State Department. It may be that the Berrigans' visit will be different. But that kind of delicate diplomatic determination is properly the province of the Secretary of State.
 
 
 19
 Accordingly, the Parole Board should be enjoined from refusing the Berrigans' request for permission to travel to North Vietnam based on the reasons asserted and relied upon by the Board. Cf. Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320 (1939). The matter appears to be one for the consideration of the Secretary of State in light of the applicable law and regulations.
 
 MacKINNON, Circuit Judge, dissenting:
 
 20
 Philip and Daniel Berrigan, brothers, were convicted of federal felonies growing out of their opposition to the United States position in the Vietnam war. The trial court adjudged a lengthy sentence of imprisonment which has been partially served. They were then granted parole for the remainder of their sentence, which still has in excess of two years to run.
 
 
 21
 The parole was granted subject to certain conditions.
 
 
 22
 The parole of Philip Berrigan was effected by a "Certificate of Parole" given by the United States Board of Parole on the 16th day of December, 1972 which provided:
 
 
 23
 that he be PAROLED on December 20, 1972,[1] and that he remain within the limits of District of Maryland until September 14, 1975 . . . .
 
 
 24
 ******
 
 
 25
 * * *
 
 
 26
 This CERTIFICATE OF PAROLE will become effective on the date of release shown on the reverse side. If the parolee's continuance on parole becomes incompatible with the welfare of society, or if he fails to comply with any of the conditions listed on the reverse side, he may be retaken on a warrant issued by a Member of the Board of Parole, and reimprisoned pending a hearing to determine if the parole should be revoked.
 
 CONDITIONS OF PAROLE
 
 27
 1. You shall go directly to the district shown on this CERTIFICATE OF PAROLE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and to the United States Probation Officer whose name appears on this Certificate. . . . .
 
 
 28
 ******
 
 
 29
 * * *
 
 
 30
 3. You shall not leave the limits fixed by this CERTIFICATE OF PAROLE without written permission from the probation officer.
 
 
 31
 It is assumed that these conditions are applicable to appellants.
 
 
 32
 In addition to the foregoing conditions of parole, regulations promulgated by the Department of Justice provide:
 
 
 33
 Sec. 2.28 Same: travel by parolees and mandatory releases.
 
 
 34
 Except as otherwise provided in this section, it is the general rule of the Board that a parolee may travel outside his supervision district only with the prior approval of the Board. Travel outside a district without prior Board approval may be authorized by a probation officer subject to the following-described limitations.
 
 
 35
 (a) Board approval shall be required for vacation trips outside the district.
 
 
 36
 ******
 
 
 37
 * * *
 
 
 38
 (c) Board approval shall be required for travel outside the continental limits of the United States, including travel or work aboard ship.
 
 
 39
 (d) Board approval shall be required in any case in which specific travel conditions have been imposed upon the parolee by the Board.
 
 
 40
 28 C.F.R. Sec. 2.28.
 
 
 41
 With their prison release posture being in the foregoing status, appellants were invited by the "Hanoi Solidarity Committee" to visit North Vietnam for the alleged purpose of meeting with members of certain religious groups,[2] and others termed "coalitionists," for the avowed purpose of furthering the aims and objectives of such group in North Vietnam and in the United States. Appellants, as required by the terms of their parole, applied to the probation officer of the United States Parole Board for written permission to go to Hanoi in response to the invitation of the "Hanoi Solidarity Committee" and said application was denied. Thereafter appellants brought this proceeding in the United States District Court for the District of Columbia, and requested a temporary restraining order directing the U.S. Board of Parole to grant written permission to travel to North Vietnam. Following oral argument the District Court denied the motion on January 15, 1973 and set the matter down for hearing on the motion for preliminary injunction on January 18, 1973 at 9 A.M. Notwithstanding this procedural status, the appellants appealed to this court and the appeal on the denial of the temporary restraining order was heard on January 16, 1973.
 
 
 42
 By affidavit of an official of the Board of Parole it is stated that:
 
 
 43
 The Board's reasons for denial of the current requests of Daniel and Phillip [sic] Berrigan (presently serving under parole supervision within the jurisdiction of the U. S. Board of Parole) for permission to travel to Hanoi are as follows:
 
 
 44
 1. Total lack of any means of control to effectuate the Board's supervisory responsibilities looking to the rehabilitation of the parolees, where they would be visiting in an area where the United States has no diplomatic representative of its own or, in lieu thereof, any foreign power to represent it or its interests.
 
 
 45
 2. The impropriety of the U. S. Board of Parole, an agency of the United States Government giving approval, within its area of responsibility, to conduct directly contrary to the expressed policy determination of the Secretary of State, acting within his foreign relations responsibilities, that such conduct is not in the national interest of the United States.
 
 
 46
 In addition, the brief of the United States Attorney, representing the Board of Parole, states:
 
 
 47
 Note: We have been informally advised that the Department of State is of the view that, insofar as it can perceive, there is no basis for its determining that appellants' proposed travel to North Vietnam would be "in the national interest of the United States" within the meaning of 22 C.F.R. Sec. 51.73.[3]
 
 
 48
 Since appellants have represented to this court that they do not expect their trip to last over two weeks, any discussion of reason (1) in the Board's affidavit is unnecessary. The length of time appellants would be outside the Board's supervision is not sufficient to justify refusal of their request on this ground.
 
 
 49
 However, the second ground is "facially legitimate and bona fide" within Kleindienst v. Mandel, 408 U.S. 753, 769-770, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), and must be sustained. This ground has additional force because the nature of the offenses committed by appellants, and for which offenses they are still serving their sentences, involved their violation of federal statutes in connection with their support of the position of the North Vietnamese government as opposed to that of the United States. The restriction here is thus reasonably related to the basic cause of the imprisonment. There is thus every justification for the Board of Parole to take the position it has taken and this court has no authority to set aside that decision. As a matter of fact, it is customary for parole boards to impose parole conditions which require parolees to abstain from involvement in matters which led to their convictions.[4]
 
 
 50
 In addition, this court is without jurisdiction to hear this appeal because appellants' right to travel to North Vietnam will not be irretrievably lost if they do not go to Hanoi at this time. Allen v. Hickel, 138 U.S.App.D.C. 31, 37, 424 F.2d 944, 954 (1970); Women Strike for Peace v. Hickel, 137 U.S.App.D.C. 29, 36, 420 F.2d 597, 604 (1969); Austin v. Altman, 332 F.2d 273, 275 (2d Cir. 1964); see 28 U.S.C. Sec. 1651(a) and cases thereunder. Appellants contend that the temporary restraining order is a final appealable order because any further delay would moot the issue as to the relief sought. While this may be appealable if that were in fact the reality of the situation, I feel there has been a wholly insufficient showing on that issue. While it may be more inconvenient to go at a later time, and while there is a possibility that the invitation will not be renewed; this is hardly the kind of permanent, irreparable damage that requires our review of an otherwise nonreviewable temporary restraining order. In short, I am not convinced that if the appellants are not allowed to go to North Vietnam, now, they never will. Therefore, we have no jurisdiction but to deny the motion for summary reversal and dismiss the appeal.
 
 
 51
 This raises another major ground for denying the relief requested. That is that our review of the denial of this alleged de facto preliminary injunction is controlled by the familiar test of Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 110 U.S.App.D.C. 339, 293 F.2d 527, cert. denied, 368 U.S. 940, 82 S.Ct. 377, 7 L.Ed.2d 339 rehearing denied, 368 U.S. 979, 82 S.Ct. 477, 7 L.Ed.2d 441 (1962). I find the denial of the Berrigans' right to travel to North Vietnam at this time does not constitute the kind of irreparable injury that requires us to invoke our extraordinary equity powers. Moreover, in light of the Parole Board's inherent authority to restrict the travel of a convicted criminal. I see little likelihood that appellants will finally succeed on the merits. Lastly, the public interest clearly lies on the side of the Parole Board as explicitly enunciated by the State Department.
 
 
 52
 It is thus concluded that the District Court properly exercised its discretion in denying appellants' motion for a temporary restraining order.
 
 
 53
 The other members of the panel imply that the Secretary of State has authority to restrict appellants' travel to North Vietnam. That statement is completely unfounded. The power rests with the Board of Parole and they have consulted the State Department. There is no force or logic to the contention that the procedure is invalid unless the order is reversed as between the respective agencies supplying the impetus to the decision. To merely state the claim exposes its invalidity. It clearly was within the original jurisdiction of the Parole Board in its authority over convicted criminals to refuse to consent to this proposed travel outside the United States.
 
 
 
 [1]
 27 days ago. His brother Daniel was paroled previously. The conditions of his parole are "identical."
 
 
 [2]
 Appellants are both ordained Catholic priests
 
 
 [3]
 22 C.F.R. Sec. 51.73 provides:
 Sec. 51.73 Special validation of passport for travel to restricted areas.
 (a) An application of a U.S. national for validation of his passport for travel to, in or through a restricted country or area will be considered only when such action is determined to be in the national interest of the United States.
 (b) An application will be considered to be in the national interest of the United States if:
 (1) The applicant is a professional reporter, the purpose of whose trip is to obtain, and make available to the public, information about the restricted area; or
 (2) The applicant is a doctor or scientist in the field of medicine or public health, the purpose of whose trip is directly related to his professional responsibilities; or
 (3) The applicant is a scholar with a postgraduate degree, or its equivalent, the purpose of whose trip is to obtain for public dissemination, further information in his field of research; or
 (4) The applicant is a representative of the American Red Cross.
 (c) In the discretion of the Secretary, an application may be considered to be in the national interest of the United States, depending upon the restricted area to be visited, the benefit to the United States of such a visit, and the applicant's need to visit the restricted area, if:
 (1) The applicant, although not a reporter by profession, establishes that one of the news media has indicated an interest in publishing a report of the applicant's trip; or
 (2) The applicant's activities in cultural, athletic, commercial, educational, professional, or other fields or in public affairs demonstrate that his visit to the restricted area would be of benefit to the United States; or
 (3) The applicant establishes that his trip is justified by compelling humanitarian considerations.
 (d) An application for validation of a passport for travel to a restricted area must be accompanied by evidence that the applicant falls within paragraph (b) or (c) of this section or would otherwise serve the national interest of the United States.
 
 
 [4]
 A recent example of such a restriction which is well within public memory was the condition on the release of James R. Hoffa that he abstain from certain union activity