*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0033p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

L & W SUPPLY CORPORATION,

> *Plaintiff-Appellant,*

*v.*

No. 05-6845

ACUITY,

> *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 03-00512—Charles R. Simpson, III, District Judge.

Submitted: September 11, 2006

Decided and Filed: January 23, 2007

Before: BOGGS, Chief Judge; MARTIN, Circuit Judge; OLIVER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** John H. Dwyer, Jr., PEDLEY, ZIELKE, GORDINIER & PENCE, Louisville, Kentucky, for Appellant. Joseph L. Hardesty, Bethany A. Breetz, Matthew Arnold Gillies, STITES & HARBISON, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

SOLOMON OLIVER, JR., District Judge. L&W Supply Corp. ("L&W") appeals the order of the district court in this diversity contract action awarding appellee Acuity ("Acuity") costs for expert witness fees. For the reasons which follow, we reverse the district court's decision.

I.

L&W, a material supplier to a subcontractor on a construction project, brought two separate actions against Acuity and International Fidelity Company ("International Fidelity"), which were consolidated, to collect from the sureties on payment bonds associated with that project. L&W also asserted a claim against Acuity, maintaining it acted in bad faith in handling its claim by not paying

_____
[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1

it in a timely manner in violation of Kentucky's Unfair Claims Settlement Practices Act.[1]  One bond, issued by Acuity, secured the payment obligations of the general contractor.  The other, issued by International Fidelity, secured the payment obligations of the subcontractor to whom L&W supplied the materials.  During the course of litigation, International Fidelity settled the bond claim against it by completely satisfying the bond obligation.  This had the effect of mooting any further claim for payment under the bond issued by Acuity.  However, L&W did not dismiss its bad faith claim against Acuity.

Acuity moved for summary judgment on L&W's bad faith claim, and the district court granted Acuity's motion, concluding that the evidence was insufficient to establish a claim of bad faith on any of the theories asserted by L&W.  L&W did not appeal the district court's order granting Acuity's motion for summary judgment.  Thereafter, Acuity filed a motion to recover costs. One of the costs which Acuity sought to recover was $11,067.75 that it paid to its expert witness to defend the bad faith claim.  This amount included charges for telephone calls, document review, drafting the expert report, preparing for the deposition, and time spent during the actual deposition. L&W objected to the motion for costs, specifically objecting to the allowance of costs for the expert witness fees.  The district court awarded Acuity some of its costs, including $11,067.75 for Acuity's expert witness, without explanation.

## II.

The issue presented on appeal is whether expert witness fees may be taxed as costs.  The question of whether expert fees may be taxed as costs raises a legal issue; therefore, we employ a *de novo* standard of review.  *In re Adkins*, 425 F.3d 296, 298 (6th Cir. 2005).

## III.

Prevailing parties may recover certain allowable, reasonable, and necessary costs, pursuant to Federal Rule of Civil Procedure 54(d).  The prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3).[2]  Available witness expenses only include attendance, travel, and subsistence fees as specified in 28 U.S.C. § 1821.[3]  L&W maintains that expert fees are not among those items recoverable as costs under § 1920.  Acuity argues that although § 1920 does not explicitly mention expert witness fees, such fees are recoverable when the expert's testimony was crucial to the resolution of the case.

Acuity relies on *Murphy v. International Union of Operating Eng'rs, Local 18*, 774 F.2d 114 (6th Cir. 1985), where the appellant challenged the district court's order refusing to award him expert witness fees as costs.  The *Murphy* court recognized that *Henkel v. Chicago, S. P., M. & O. R. Co.*, 284 U.S. 444 (1932) clearly held that when an award of expert witness fees is not expressly

---

[1]KRS 304.12-230.

[2]Title 28 U.S.C. § 1920 provides in part:
  "A judge or clerk of any court of the United States may tax as costs the following:

    . . .

  "(3) Fees and disbursements for printing and witnesses . . . ."

[3]Title 28 U.S.C. § 1821 provides in part:
  "(b) A witness shall be paid an attendance fee of $40 per a day for each day's attendance. . . .
  "(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel . . . .
  "(2) A travel allowance . . . shall be paid to each witness who travels by privately owned vehicle. . . .
  "(d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required . . . ."

allowed by statute, it may not be taxed as costs. *Murphy*, 774 F.2d at 132-34. While noting that the majority of courts interpreting the provision for witness fees in § 1920 had found that the recovery of expert witness fees was limited to the statutory costs specified in 28 U.S.C. § 1821, the *Murphy* court also acknowledged that the Eighth and Third Circuits[4] allowed for the taxation of expert witness fees in the court's discretion when the expert's testimony was indispensable to the determination of a case. *Id.* at 133. Those courts permitting such taxation found that *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964),[5] had modified *Henkel* such that it was within the district court's discretion to award expert fees. *Murphy*, 774 F.2d at 133. The *Murphy* court observed that "the law in the Sixth Circuit is unclear,"[6] but concluded that even those courts that allowed for an award of expert fees did so only when "the expert's testimony was crucial to the resolution of the case, " and that the testimony of Murphy's expert was not crucial. *Id.* at 133-34. Therefore, the *Murphy* court upheld the district court's determination denying expert witness fees as costs without determining whether an award of expert fees was permissible when not expressly authorized by statute. *Id.*

Acuity's reliance on *Murphy* is misplaced as there are subsequent Supreme Court cases which have held that expert witness fees are not recoverable as costs absent explicit statutory authority. Therefore, any earlier Sixth Circuit and/or any other earlier precedent is no longer controlling.

Subsequent to the Sixth Circuit decision in *Murphy*, the Supreme Court decided *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987), which affirmed *Henkel*. Crawford consisted of two consolidated cases in which the petitioners, as the prevailing parties, had been denied expert witness fees as costs in excess of the limit of § 1821(b) by the Fifth Circuit. *Crawford*, 482 U.S. at 438-39. Petitioners had argued that "§ 1920 [did] not preclude taxation of costs above and beyond the items listed, and more particularly, amounts in excess of the § 1821(b) fee. Thus, the discretion granted by Rule 54(d) [was] a separate source of power to tax as costs expenses not enumerated in § 1920." *Id.* at 441. In affirming the denial of expert witness fees as costs, the Supreme Court stated that petitioners' view rendered § 1920 "superfluous." *Id.* The *Crawford* Court held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Id.* at 439.

After *Crawford*, the Supreme Court decided *W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83 (1991), where the issue was whether fees for services rendered by experts in civil rights litigation could be shifted to the losing party pursuant to 42 U.S.C. § 1988, which permitted the award of a reasonable attorney's fee. The Supreme Court restated that when "a prevailing party seeks

---

[4]  The *Murphy* court also noted that "without discussing *Henkel* or *Farmer* [*v. Arabian American Oil Co.*, 379 U.S. 227 (1964)], the Ninth Circuit has also held that consulting and expert witnesses fees may be taxed as costs." *Murphy*, 774 F.2d at 133 n.9.

[5]  In *Farmer*, the Supreme Court considered the discretion of a district court to tax as costs against the loser in a civil action expenses incurred by the winner of the action. The case does not deal with expert witness fees, only "transportation expenses for witnesses from Arabia and costs of daily stenographic transcripts" among other things. *Farmer*, 379 U.S. at 229. The *Farmer* Court did refer to Rule 54(d) and stated that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Id.* at 235.

[6]  The *Murphy* court cites to *Northcross v. Board of Ed. of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979) (upholding an award of half of plaintiff's expert fees as costs in a civil rights case); *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983) (indicating approval of taxing expert witness fees as costs); and *Ott v. Speedwriting Publishing Co.*, 518 F.2d 1143, 1149 (6th Cir. 1975) (implying that expert witness fees may not be recovered under Rule 54(d) or § 1920). *Murphy*, 774 F.2d at 133.

reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821(b), absent contract or explicit statutory authority to the contrary." *Casey*, 499 U.S. at 86 (quoting *Crawford*, 482 U.S. at 439). The Court then determined that attorney's fees and expert fees were distinct items of expense. *Id.* at 92. In conclusion, the Court held that § 1988 did not convey authority to shift expert fees and that "[w]hen experts appear at trial, they are . . . [only] eligible for the fee provided by § 1920 and § 1821" absent statutory law permitting otherwise. *Id.* at 102. Congress later amended § 1988 to allow recovery of expert witness fees, but *Casey* remains good law on the construction of Rule 54(d) and 28 U.S.C. §§ 1920 and 1821.[7]

Finally, the recent Supreme Court case of *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S. Ct. 2455 (2006), supports the conclusion that expert fees are not recoverable as costs absent explicit statutory authority. In *Arlington*, the Court determined that the prevailing parents in an action under the Individuals with Disabilities Education Act were not entitled to recover an educational consultant's fees under 20 U.S.C. § 1415(i)(3)(B), which allowed for an award of attorney's fees as part of the costs. The Court explained that the reasoning of both *Crawford* and *Casey* reinforced its conclusion that unless a statute unambiguously authorized the recovery of expert fees, no such fees were recoverable as costs. Specifically, the Court stated:

> The reasoning of *Crawford Fitting* strongly supports the conclusion that the term "costs" in 20 U.S.C. § 1415(i)(3)(B), like the same term in Rule 54(d), is defined by the categories of expenses enumerated in 28 U.S.C. § 1920. This conclusion is buttressed by the principle, recognized in *Crawford Fitting*, that no statute will be construed as authorizing the taxation of witness fees as costs unless the statute "refers explicitly to witness fees."

*Arlington Cent. Sch. Dist. Bd. of Educ.*, 126 S. Ct. at 2462 (citations omitted).

Based on the clear Supreme Court precedent as set forth in *Crawford*, 482 U.S. 437, *Casey*, 499 U.S. 83, and *Arlington*,126 S. Ct. 2455, we hold that expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them. Therefore, Acuity is not entitled to recover expert witness fees (i.e., the hourly rate charged for the expert's time and services). It is, however, entitled as a matter of course to recover the witness costs provided for in § 1821, which are largely compensatory in nature.

## IV.

For the foregoing reasons, the district court's decision awarding expert witness fees as costs to Acuity is reversed. This case is remanded to the district court to determine the amount of costs the expert may recover as ordinary witness costs for attendance fees, travel expenses, and as a subsistence allowance under § 1821.

---

[7]Further support for the position that expert fees are not recoverable as costs unless specifically provided for by statute can be found in 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2678 (3d ed. 1998) which states:

> Despite a few early decisions to the contrary, it seems well settled that a party's expert witnesses are entitled only to the regular statutory witness fees allowed by Section 1821 . . . . In 1987 the Supreme Court reaffirmed the limitation of fees for the prevailing party's expert witness to those authorized under Section 1821, in *Crawford Fitting Company v. J.T. Gibbons, Inc.* The Court specifically rejected the argument that the discretion granted by Rule 54(d) is a separate source of power to tax costs and ruled that its 1932 decision in *Henkel v. Chicago*, . . . remains controlling.