HENLOPEN HOTEL CORPORATION, a Delaware corporation, also known as Hotel Henlopen, Inc., Plaintiffs,

v.

AETNA INSURANCE COMPANY, a Connecticut corporation, et al., Defendants.

HENLOPEN HOTEL CORPORATION, a Delaware corporation, also known as Hotel Henlopen, Inc., and Lake Gerar Hotel Corporation, a Delaware corporation, Plaintiffs,

v.

AMERICAN INSURANCE COMPANY, a New Jersey corporation, and Agricultural Insurance Company, a New York corporation, Defendants.

Garnett D. HORNER and Leota S. Horner, his wife, Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts corporation, Defendant.

Civ. A. Nos. 2503, 2529, 2493.

United States District Court
D. Delaware.

Sept. 28, 1965.

Samuel R. Russell, of Bayard, Brill, Russell & Handelman, Wilmington, Del., for plaintiffs Henlopen Hotel Corp. and Lake Gerar Hotel Corp.

Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, Del., for plaintiffs Mr. and Mrs. Garnett D. Horner.

William Prickett, of Prickett & Prickett, Wilmington, Del., for defendants.

LAYTON, District Judge.

In connection with jury verdicts for plaintiffs in the above captioned cases,

motions have been filed for the purpose of:

(1) Taxing attorneys' fees as a part of the costs.

(2) Taxing expert witness fees as costs.

(3) Amending the judgments to include interest at 6% to commence on certain stated dates.

These two cases are only a few of the many filed in this District Court and the State Courts of Delaware to recover damages to summer cottages and other structures along the Delaware Coast during the Great Atlantic Storm of March, 1962. In every case, and with but slightly varying language, these structures were covered by policies of insurance insuring both the building and contents for loss occasioned solely by wind but not by ocean water or spray.

An opinion was filed on June 24, 1965, concluding (1) that attorneys' fees were not taxable as part of costs but (2) that expert witness fees were to be so taxed. Thereafter, plaintiffs' counsel filed a motion for a reargument as to the first point citing authorities not brought to the attention of this Court when the matter was first briefed and argued. As the result of considering these new authorities, the Court has concluded that attorneys' fees should be taxed as costs. Accordingly, the original opinion of June 24, 1965, has been vacated and this opinion substituted in its place.

1. There are, of course, well-recognized exceptions to the rule in this country, particularly in equity cases.

2. § 1920. Taxation of costs
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

The first ground of the motion is for the taxation of attorneys' fees as part of the costs.

Plaintiffs concede at the outset that in the state courts of the United States, as opposed to England, attorneys' fees do not constitute costs.[1] This is equally true in the federal courts. Compare Title 28 U.S.C. § 1920.[2] However, plaintiffs point to Title 18 Del.C., Section 1105 [3] and argue that the provisions of that statute are applicable to the assessment of costs in federal courts in diversity cases. Defendant denies this and relies on Title 28 U.S.C. § 1920 as the sole source of power in a federal court to tax costs. Since this section does not include attorneys' fees as an item of costs, defendants argues that this Court is wholly without power to grant this portion of plaintiffs' motion.

Two decisions of the Supreme Court of the United States involving the recovery of attorneys' fees under state statutes seem to point to an acceptable disposition of this question. In People of Sioux County v. National Surety Co., 276 U.S. 238, 241–244, 48 S.Ct. 239, 240, 241, 72 L.Ed. 547 (1928), the Court speaking through Mr. Justice Stone, said:

"State statutes allowing the recovery of attorney's fees in special classes of actions have been upheld as constitutional by this court, (authorities cited), and they have been given effect in suits brought in the federal courts. (Authorities cited.)

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

3. Quoted infra.

\* \* \* \* \* \*

"The present statute, \* \* \* [substantially like Sec. 1105], provides that in the cases specified the court 'shall allow the plaintiff a reasonable sum as an attorney's fee, in addition to the amount of his recovery, to be taxed as a part of the costs.'

\* \* \* \* \* \*

" \* \* \* Disregarding mere matters of form it is clear that it is the policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases. It would be at least anomalous if this policy could be thwarted and the right so plainly given ·destroyed by removal of the cause to the federal courts.

"That the statute directs the allowance, which is made to plaintiff, to be added to the judgment as costs are added does not make it costs in the ordinary sense of the traditional, arbitrary and small fees of court officers, attorneys' docket fees and the like, allowed to counsel by R.S. §§ 823, 824 [the prototype of the present 28 U.S.C. 1920].

"The present allowance, since it is not costs in the ordinary sense, is not within the field of costs legislation covered by R.S. §§ 823, 824. That the particular mode of enforcing the right provided by the statute —i. e., by taxing the allowance as costs—is not available to the federal courts under R.S. §§ 823, 824, does not preclude the recovery. Since the right exists the federal courts may follow their own appropriate procedure for its enforcement by including the amount of the fee in the judgment." (Authorities cited.)

In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528 (1949), the Court had before it a New Jersey statute providing that in any stockholder's derivative action in which plaintiff's interest as a shareholder is less than 5% of the value of all outstanding shares and has a market value of less than $50,000, he may be required to give bond for the reasonable expenses, including counsel fees, which the corporation may incur in defense of the action. The lower court refused to require plaintiff to enter into such a bond upon defendant's application. Mr. Justice Jackson speaking for the majority said, *inter alia*:

" \* \* \* But Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 and its progeny have wrought a more far-reaching change in the relation of state and federal courts and the application of state law in the latter whereby in diversity cases the federal court administers the state system of law in all except details related to its own conduct of business. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. The only substantial argument that this New Jersey statute ·is not applicable here is that its provisions are mere rules of procedure rather than rules of substantive law.

"Even if we were to agree that the New Jersey statute is procedural, it would not determine that it is not applicable. Rules which lawyers call procedural do not always exhaust their effect by regulating procedure. But this statute is not merely a regulation of procedure. With it or without it the main action takes the same course. However, it creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes

beyond payment of what we know as 'costs.' If all the Act did was to create this liability, it would clearly be substantive. But this new liability would be without meaning and value in many cases if it resulted in nothing but a judgment for expenses at or after the end of the case. Therefore, a procedure is prescribed by which the liability is insured by entitling the corporate defendant to a bond of indemnity before the outlay is incurred. We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device.

\*    \*    \*    \*    \*

"We see no reason why the policy stated in Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, should not apply.

"We hold that the New Jersey statute applies in federal courts and that the District Court erred in declining to fix the amount of indemnity reasonably to be exacted as a condition of further prosecution of the suit." Id. at 555–557, 69 S.Ct. at 1230.

■ Both these cases were diversity cases. Neither made an award of attorneys' fees as costs qua costs. However, both recognized and enforced payment of attorneys' fees[4] in recognition of a state statute. In my view, then, in diversity cases, this Court should take cognizance of and enforce the provisions of a state statute establishing a policy of awarding attorneys' fees against the unsuccessful defendant.

■ Whether or not attorneys' fees should be awarded in the nature of costs

---

4. In Cohen, the award was much broader consisting of all expenses incident to a successful defense.

5. There are no Delaware State Court decisions on this section. It is, therefore,

or as a part of the judgment remains to be decided. People of Sioux County preceded Erie R. Co. v. Tompkins. Cohen came after. It applied Erie and Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. People of Sioux County added attorneys' fees created by virtue of state statute as part of the judgment noting that a federal court had no power to award attorneys' fees as costs. However, I gather from Cohen that the award of attorneys' fees, creating as it does a new liability, should be considered as substantive in character. In my view, then, although not of critical importance, in a diversity case the award of an attorney's fee established by state statute as part of costs, being substantive in character, should be in the nature of costs rather than as part of the judgment.

■ We now approach the main question whether attorneys' fees should be awarded here. The power of a court to allow such fees as costs springs from Title 18, Sec. 1105 Del.C.1954.[5] Since an interpretation of the Section depends upon its relationship to certain preceding sections, they will all be quoted together:

§ 1102.  Valued policy insuring real property against loss by *fire, tornado* or *lightning*

(a) Whenever any policy of insurance shall be issued to insure any real property in this State against loss by fire, tornado, or lightning, and the property insured shall be *wholly destroyed without criminal fault* on the part of the insured, or his assigns, the amount of the insurance stated in such policy (except policies with blanket coverage provided for in section 1103 of this title) shall be taken conclusively to be the true value of the property

---

my duty under Erie R. Co. v. Tompkins to interpret this section in the manner in which I believe the State Courts would have construed it.

insured and the true amount of loss and measure of damages, subject to the proviso in subsection (b) of this section. (Emphasis added.)

§ 1103. Policies with blanket coverage

Nothing contained in section 1102 of this title shall be construed as prohibiting insurers from issuing policies with blanket coverage on two or more separate buildings or units of real property or policies covering real and personal property. When insurance is written under a blanket item covering real and personal property or covering two or more separate buildings or units of real property, a single total value shall be agreed upon between the insurer and insured as to the real property insured, and such agreed value shall be endorsed across the face of any such policy as provided in subsection (b) of section 1102 of this title.

§ 1104. Application of sections 1102 and 1103

Sections *1102* and *1103* of this title shall apply to *all* policies of insurance made or issued upon real property in this State, and also to the renewal which shall be made of all policies issued in this State, and the contracts made by policies and renewals shall be construed to be contracts made under the laws of this State. (Emphasis added.)

§ 1105. Attorney's fee

The court upon rendering judgment against any insurance company upon any policy of insurance to which sections 1102 or 1103 of this title apply shall allow the plaintiff a reasonable sum as attorney's fee to be taxed as part of the costs.

Plaintiffs point to the superficially clear language of Section 1105 as requiring the assessment and taxation of attorneys' fees as part of the costs. Defendant argues that under a strict construction of the language of the Section, such fees are not allowable.

Statutes such as Section 1105 seem to have been provoked by the wilful and obstructive tactics of some insurance companies in earlier times in refusing to pay losses in order to take advantage of an insured's need for money. As a result, many state legislatures passed statutes permitting the insured to recover attorneys' fees as a penalty for insurer's delay. Generally, see Appleman, Insurance Law and Practice, Vol. 6, Sec. 4031 et seq. Such statutes vary in their terms. Thus, under some acts, for instance that of Illinois, the imposition of attorneys' fees is left to the discretion of the trial judge. Compare Howard Foundry Co. v. Hartford Fire Insurance Co., 222 F.2d 767 (7 Cir. 1955). And in others, such as Louisiana, the Act has been interpreted to mean that attorneys' fees are recoverable wherever the insurer "resists payment of part or the whole loss, provided the insured judicially recovers more than the insurer admits to be due * * *." Compare National Liberty Ins. Co. of America v. Police Jury of Natchitoches, 96 F.2d 261 (5 Cir. 1938). But other states, including Delaware, have acts such as Section 1105 which, on their face, permit the recovery of attorneys' fees as a penalty even where the unsuccessful insurer asserts a reasonable defense in good faith.

Against this background of law and history, we now turn to an interpretation of Section 1105. A superficial reading of this section would suggest that Sections 1102 and 1103 apply only to the type of policies mentioned in Section 1102,[6] namely, cases involving only a total loss. Defendant takes the position, therefore,

---

6. Together with the type of blanket policies and policies covering both real and personal property mentioned in Section 1103.

that because the losses involved in the instant cases were only partial losses, there can be no recovery of attorneys' fees.

However, plaintiffs cite Hanover Fire Ins. Co. v. Gustin, 40 Neb. 828, 59 N.W. 375 in which the Supreme Court of Nebraska construed an almost identical statute as requiring the taxation of attorneys' fees as costs whether or not the loss was total or partial. There the Court said:

"There remains but one other question, and that is as to the taxation in favor of the defendant in error of an attorney's fee of $200. This fee was taxed under the authority of chapter 48 of the Session Laws of 1889, of which section 1 provided that, in case of total loss of the insured property, the amount of the insurance written in the policy shall be taken to be its true value, and that the measure of damage sustained by the party whose property was insured should be fixed accordingly. Section 2 made applicable the provisions of said act to all policies written or renewed before the date when said act went into effect, and provided that the contracts made by such policies and renewals should be considered to be contracts made under the laws of the state of Nebraska. Section 3 is as follows: 'The court upon rendering judgment against any insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as attorney fees to be taxed as a part of the costs.' It is argued that the words 'upon any such policy,' etc., are restrictive, and that the power to tax costs does not extend further than in cases where a total loss has been suffered. The first section of the act prescribes what the amount of the damage shall be deemed to be in cases where the loss is total, and

its provisions are applicable to any policy of insurance afterwards written to insure any real property in this state. This prospectively applied to all policies which should be written after the act became operative. Section 2 made the provisions of section 1 applicable to policies of insurance made or renewed prior to the time of said act taking effect. By these two sections all policies in this state upon real property were covered,—in the first section, such as should be made after the act took effect; in the second section, such as should have been previously made or renewed,—and the language of section 3 must therefore be held to include all policies made in Nebraska with reference to real property. * * *"

Compare Spring Garden Ins. Co. v. Amusement Syndicate Co., 178 F. 519 (8 Cir. 1910) which was decided under a slightly different statute but where the decision, in part at least, rested on the same grounds as those in Hanover Fire Ins. Co., supra.

Defendant argues very strenuously that the language of Section 1105 differs from the Nebraska Act in that it uses the words "upon any policy of insurance to which sections 1102 or 1103 of this title apply," while the language of the latter is "upon any such policy of insurance." An examination into the derivation of Section 1105 leads us back to Chap. 81, Volume 45 Laws of Del., in which the present Sections 1102–1105 comprise a single Section 50. There Section 1102 appears as (a), Section 1103 as (b), and Sections 1104 and 1105 as (c). Curiously enough, the language of the last sentence of (c), now Section 1105, is identical with the Nebraska statute.[7] It would appear, therefore, that the Commissioners who compiled the Delaware Code of 1953 arbitrarily changed the language in question in order

7. "Upon any policy of insurance."

to conform to their revision of 511 Section 50, 45 Del.Laws from a single section with sub-headings (a), (b) and (c) into four separate sections, 1102, 1103, 1104 and 1105, as they presently appear.

Neither Hanover Fire Ins. Co., Spring Garden Ins. Co., or Chapter 81, Vol. 45 Laws of Del. 511 Section 50 was cited by plaintiffs on their first brief or at the argument. A consideration of these authorities in the light of the Delaware statutes above cited convinces me that the Delaware legislature intended that the award of attorneys' fees in this type of case should be made in instances of total, as well as partial, loss.

The next question is whether 10 Del.C. § 8906 declaring that fees of expert witnesses may be taxed as part of the costs of a case in the Superior Court and Court of Chancery is applicable to this case. It states:

"The fees for witnesses testifying as experts or in the capacity of professional men in cases in the Superior Court, and the Court of Chancery, within this State, shall be fixed by the court in its discretion, and such fees so fixed shall be taxed as part of the costs in each case and shall be collected and paid as other witness fees are now collected and paid."

This section of the Delaware Code has been in effect for many years and the assessment of expert witnesses as costs in the two courts in question has long been common practice in Delaware. For the same reasons as given above, I believe a federal court, in a diversity case, should, where proper, enforce an expressed state policy of taxing expert witness fees as part of costs.

The final point for decision is whether plaintiffs are entitled to prejudgment interest. Since the time of argument, it appears that counsel for the various parties have reached an agreement on this question with the result that a decision is unnecessary.