Arcadia PIZARRO–de–RAMIREZ, as tutor for Carlos Ramirez-Fuentes, Plaintiff,

v.

GRECOMAR SHIPPING AGENCY and Kala Shipping Company, Defendants.

Civ. No. 752–71.

United States District Court, D. Puerto Rico.

March 3, 1976.

Feldstein, Gelpí, Toro & Hernández, San Juan, P. R., for plaintiff.

Calderón, Rosa-Silva & Vargas, Hato Rey, P. R., for defendants.

OPINION AND ORDER

TOLEDO, Chief Judge.

This is an incident brought before this Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure to review the action of the Clerk of this Court in the taxing of the costs in the case of caption.

This case was an action to recover damages and the same was tried by this Court with a jury. On March 6, 1975, the jury returned a verdict for the plaintiff in the amount of $125,000, and on that same date a judgment was entered. On March 11, 1975, plaintiff submitted a bill for costs in

the amount of $4,786.10, which was opposed to by defendants. On December 10, 1975, the Clerk of this Court, acting pursuant to Rule 54(d) and Title 28, United States Code, Section 1920, entered an order disallowing certain portions of the bill of costs submitted by plaintiff.

By this Order of December 10, 1975, it was ruled that in the matter of expert witnesses it has been statutorily disposed of by virtue of Title 28, United States Code, Section 1821 and, therefore, additional amounts paid as. compensation, or fees, to expert witnesses can not be allowed or taxed as costs in cases in the Federal courts. In regard to jury lunch it was ruled that the same is not taxable as costs, even in those districts where the custom is followed of dividing the expenses between the parties. Plaintiff has moved this Court to review the Order of the Clerk pursuant to Rule 54(d).

The matter before us is of an important nature and the disposition of the present case will affect the handling of subsequent cases. We shall address ourselves in an orderly fashion to the issues present.

## I. *EXPERT WITNESSES*

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs may be taxed by the Clerk on one day's notice and that upon motion served within five days thereafter, the action of the clerk may be reversed by the court. Title 28, United States Code, Section 1920, contains the statutory provision for taxing witnesses' fees as costs. Section 1821 of Title 28, United States Code, provides:

"1821. Per diem and mileage generally; subsistence A witness attending in any court of the United States, or before a United States commissioner, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $20 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 10 cents per mile for going from and returning to his place of residence. Regardless of the mode of travel employed by the witness, computation of mileage under this section shall be made on the basis of a uniform table of distances adopted by the Attorney General. Witnesses who are not salaried employees of the Government and who are not in custody and who attend at points so far removed from their respective residence as to prohibit return thereto from day to day shall be entitled to an additional allowance of $16 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance: Provided, that in lieu of the mileage allowance provided for herein, witnesses who are required to travel between the Territories and possessions, or to and from the continental United States, shall be entitled to the actual expenses of travel at the lowest first-class rate available at the time of reservation for passage, by means of transportation employed: Provided further, That this section shall not apply to Alaska.

When a witness is detained in prison for want of security for his appearance, he shall be entitled, in addition to his subsistence, to a compensation of $1 per day.

Witnesses in the district courts for the districts of Canal Zone, Guam, and the Virgin Islands shall receive the same fees and allowances provided in this section for witnesses in other district courts of the United States."

■ The general rule in this regard seems to be that under Title 28, United States Code, Section 1821, above cited, additional amounts paid as compensation, or fees, to expert witnesses can not be allowed or taxed as costs in cases in the Federal courts. For this proposition the case of *Henkel v. Chicago etc. Ry.,* 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932), is always quoted as the judicial enunciation of said rule. *Henkel,* supra, has been subsequently cited as authority in a plethora of cases cited in the Clerk's Opinion at page 3.

■ Plaintiff's contention herein seems to be that notwithstanding the *Henkel* rule,

in the present case state law should be applied as to the taxation of costs. This theory is judicially grounded in the case of *De Thomas v. Delta S. S. Lines,* 58 F.R.D. 335 (D.C., 1973).

In *De Thomas,* supra, this Court said:

"As to expert witnesses, this Court has already ruled in *Virella Rivera v. Rederi A/B Nordstjernan,* Civil No. 236–68, order entered on June 17, 1971, as follows:

In *Henlopen Hotel Corporation v. Aetna Insurance Company,* (D.C.) 1965, 38 F.R.D. 155, it was held,

'. . . [f]or the same reasons as given above, I believe a Federal Court, in a diversity case, should, where proper, enforce an express state policy of taxing expert witnesses' fees as part of the costs'. As expressed by the Supreme Court of Puerto Rico, in *Garriga, Jr. v. Superior Court,* 1963, 88 P.R.R. 237, the policy in respect to costs is enunciated. That policy is to liberally exercise discretion in favor of all costs that are a) necessary, b) incurred, and c) reasonable. No one can gainsay the necessity of producing expert medical witnesses in a suit for money damages for personal injuries. The plaintiff's counsel has verified, under oath, that these expenses were actually incurred. The Court is aware of the fact that standard fees for expert medical witnesses in Puerto Rico range from $200. per half day to $500. for an appearance if the witness must lose the entire day from his practice. Considering the number of appearances, the Court concludes that these costs were reasonable.'

The Court sees no reason to deviate from this ruling."

In *Henlopen,* supra, the Court allowed expert witness' fees to be taxed as costs. In doing so, it relied upon the Delaware Code which provided for the assessment of expert witnesses as costs. In that case, the main question had been whether attorney's fees should be awarded being defendants' insurance companies sued upon several policies. The issue of attorney's fees in *Henlopen* was solved in reference with the state insurance law which provided that

". . . the court, upon rendering judgment against any insurance company upon any policy of insurance to which section 1102 or 1103 of this title apply shall allow the plaintiff a reasonable sum as attorney's fees to be taxed as part of the costs." (Title 18, Sec. 1105, Delaware Code, 1954, as quoted in *Henlopen,* supra, at page 159). Thus, what the court did in *Henlopen,* a diversity suit, was to take cognizance of a state statute which awarded attorney's fees against the unsuccessful defendant insurance company. When it reached the matter of expert witnesses the Court referred to a Delaware statute which allowed for expert witness' fees and did not distinguish between the "procedural" and "substantive" nature of the statutes and awarded the expert witnesses fees as costs and stated ". . . for the same reasons as given above, (referring to the issue of attorney's fees), I believe a federal court, in a diversity case, should, where proper, enforce an expressed state policy of taxing expert witness fees as part of costs." (*Henlopen,* supra, at page 161).

In *De Thomas,* supra, *Henlopen* was cited for the proposition that a Federal court in a diversity case should, where proper, enforce an express state policy of taking expert witnesses' fees as costs and the Court went on to find that the Supreme Court of Puerto Rico, in *Garriga, Jr. v. Superior Court,* 88 P.R.R. 237 (1963), had expressed the state policy to liberally exercise discretion in favor of all costs that are a) necessary, b) incurred, and c) reasonable.

From a doctrinal point of view the central issue, and the cause of confusion in *Henlopen* and *De Thomas,* supra, is the nature of the provisions for expert witnesses' fees. The proposition has been advanced that in diversity cases Federal courts should look to state law as to costs, in deference to the doctrine of *Erie Railroad Co. v. Tompkins,* 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The holding in *Erie,* reduced to its minimal expression, is that in diversity cases Federal courts should apply state substantive laws. However, it has been suggested that such a theory is

unsound with ordinary items of costs, particularly those mentioned in Section 1920, Title 28, United States Code. See *Brown v. Consolidated Fisheries Co.,* 18 F.R.D. 433 (D.C.Del.1955). See also Wright & Miller, *Federal Practice and Procedure,* Vol. 10, p. 153, Section 2669.

In *Henkel v. Chicago etc. Ry. Co.,* supra, the Supreme Court held that Congressional legislation must be deemed controlling, and excludes the application in the Federal courts of any state practice. Under the subsequent *Erie* rule, the proposition would be that if the matter was to be deemed one of a procedural nature, then Federal law would apply whereas the substantive matter would be controlled by state law.

In 1965, the Supreme Court attempted to deal with the troublesome "substance-procedure" dichotomy caused by *Erie.* In *Hanna v. Plumer,* 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, it was held that substituted service on an executor by leaving the process at his usual place of abode, as authorized by Federal Rule of Civil Procedure 4(d)(1), is sufficient even where a state statute requires in hand service on an executor within a specified period. In *Hanna,* the policies underlying the *Erie* decision were defined as discouragement of forum shopping and avoidance of inequitable administration of the laws. Then the Court went on to say that *Erie* was not the proper test when the question is governed by one of the Rules of Civil Procedure. If the rule is valid when measured against the standards contained in the Enabling Act and the Constitution, it is to be applied regardless of contrary state law.

In the present case, Rule 54(d) provides that the Clerk may tax the costs. Together with such provision in that rule, Title 28 of the United States Code in Section 1920 provides that witnesses' fees shall be taxed as costs and in Section 1821 specifies the amount of such fees. See Title 28, United States Code, supra.

Under the *Erie* doctrine, the matter now before us sounds as procedural and as such the Federal statutory law would apply. However, this is not a case in which a mere dichotomy between procedural and substantive has been performed. This is a case similar to *Hanna v. Plummer,* supra, in which the matter is originally covered by the Federal Rules of Civil Procedure and over which Congress has legislated. Focusing on the underlying rationale for *Erie* and its progeny we are convinced that the goals of discouragement of forum shopping and the avoidance of inequitable administration by the laws are best achieved by observing the mandatory Federal statutory provisions which do not provide for the taxing of expert witness' fees as costs.

We should mention that in the present case referral to state law in the instant matter would have led us to the same conclusions. The Supreme Court of the Commonwealth of Puerto Rico stated in *Rivera Sierra v. Superior Court,* 97 P.R.R. 406 (1969), that the Puerto Rico Code of Civil Procedure, which refers to the award of costs, and provided for a witness' fee, made no exception in the case of experts and that only the Legislature could make such an exception.

■ We are aware that our holding in the present case may be disquieting for several reasons. Our decision today is not to be interpreted as meaning that no expert fees shall be ever allowed by this Court. Sufficient notice shall be given to the parties and the Court in regard to the use of expert witnesses in a case. The mere announcement of these witnesses in a Pre-Trial stipulation and Order is not enough. In those cases which, according to counsel, expert witnesses are necessary, prior application to the Court should be made, stating the nature and importance of the testimony of such witnesses, and upon contradictory hearing. The Court then would determine which ones shall be allowed *as experts,* and the fees to be paid before they are incurred.

## II. *JURY LUNCH*

■ The Clerk has ruled that jury lunch is not taxable as costs. Plaintiff contends that it has been the practice in this Court that all counsel share equally in the cost for

jury meals during deliberation with the costs taxable to the prevailing party. There is no applicable statutory provision in this matter. There are not many cases dealing with this issue and those that exist do not squarely face it. Thus, in *Souto v. International Freighting Corp.,* 19 F.Supp. 856 (D.C., 1937), the jury's lunch was excluded as an item of taxable cost stating as grounds that "There appears to be no authority for including this item as a taxable disbursement." *Souto,* supra. The other case which we find deals with the matter of jury meals is *Gleckman v. United States,* 80 F.2d 394 (8 Cir., 1935). In *Gleckman,* appellant was convicted in a criminal case of willfully attempting to evade payment of income taxes due to the United States. After conviction the government sought to have, among other things, jury meals taxed as costs. The Court held against the government and mentioned that there was no authority for holding that such governmental expense can be taxed against one convicted of a criminal offense as "costs of the prosecution" in the absence of statute or local practice. See *Gleckman,* supra, at p. 403. For obvious reasons *Gleckman* is inapposite to the present case.

There being no Federal statutory provision in the matter of jury meals in cases like the present one we feel this is an appropriate instance to exercise our discretion under Rule 54(d) of the Federal Rules of Civil Procedure and will take cognizance of the practice of this Court to allow that jury meals be taxed as costs in the present case. The U. S. Marshal is hereby instructed to pay for jury lunches in all civil cases where it is necessary in future cases. He is also directed to make the necessary arrangements and to take the necessary fiscal measures for such expenses.

Wherefore, in view of the foregoing, the Clerk's Order of December 10, 1975 is affirmed as to the matter of expert witnesses. In regard to the matter of jury meals the Clerk is directed to include them in plaintiff's bill of costs.

IT IS SO ORDERED.