**Debra L. ACKERMAN, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY, INC., a corporation; Communication Workers of America, Local 9490, an unincorporated Labor Union; Does 1–10, Defendants.**

**No. C–84–3037–WWS.**

United States District Court,
N.D. California.

Dec. 4, 1986.

See also, D.C., 643 F.Supp. 836.

Madeleine Tress, San Francisco, Cal., for plaintiff.

William G. Alberti, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendants.

## ORDER RE CALCULATION OF JUDGMENT

SCHWARZER, District Judge.

At the direction of the Court, the parties have submitted their respective calculations of the amount of the judgment to be entered.

### DAMAGES

The parties are in agreement on the amount of separation pay due—$4,597.

With respect to the back pay award, the parties agree on the wage differential—$53,938. The parties differ as to lost medical benefits and transportation allowances. Defendant's calculation of lost medical benefits is based on the calculations made by plaintiff's actuaries and results in a figure of $4,759. Plaintiff makes a claim based on actual medical costs but has not demonstrated that this is the proper measure of her entitlement.

Plaintiff claims a daily special city allowance given to installers for each day worked in certain large cities, including San Francisco. During the back pay period, however, plaintiff worked in Burlingame and not in any city covered by the allowance. Plaintiff also claims transportation expense at a rate applicable to a commute between San Bruno and San Francisco. Defendant has submitted a calculation based on plaintiff's actual commute mileage during the back pay period between San Bruno and Burlingame—$2,084. The Court considers both of these items to be in the nature of reimbursement, allowable only to the extent expense was incurred. Plaintiff is therefore entitled only to reimbursement of her actual commute expense.

Accordingly, the back pay award will be $60,781.

With respect to front pay, the Court's order provided that it was to be computed at the rate of net back pay payable under

the back pay order. The parties have used different approaches.

Plaintiff has used the pay differential existing in July 1986 under the collective bargaining agreement as the rate of net back pay in calculating the front pay award. This reflects the most recent loss of pay. Plaintiff has then added a $5,983 estimated benefit loss for the three year front pay period using a rate of $164 per month based on her estimate of the benefit loss differential from 1982 to 1986. Finally plaintiff added the transportation allowance at the same rate as plaintiff used for the back pay computation.

Defendant has calculated the monthly rate of net back pay by dividing the total back pay award ($60,781), which includes lost benefits and transportation expense allowance, by the number of months in the back pay period from April 12, 1982, to August 29, 1986 (52.6). This results in a rate of $1,156 per month and a total 36–month front pay award of $41,616. Since neither employer gave uniform raises in the 52.6–month back pay period, and the pay differential has therefore varied significantly, this averaging approach provides an objective method of estimating the rate of recovery for the 36–month front pay period. It favors plaintiff since the average is influenced upward by the 8.6–month interval (April 12, 1982—January 31, 1983) when plaintiff had no offsetting earnings from new employment.

The calculation used by defendant reflects the Court's intention and is fair and reasonable. Accordingly, the front pay award will be $41,616.

## ATTORNEY'S FEES

Because of the complexities involved in the preparation of this judgment, plaintiff is entitled to supplemental attorney's fees. The amount requested is, however, excessive. The Court finds that compensation for ten hours at the previously determined rate of $95 is fair and reasonable.

## COSTS

Defendant objects to the following items on plaintiff's cost bill.

Fees for service of summons and complaint.

Plaintiff has included the cost of service on the Union, with which she previously settled, as well as service on defendant. Only the cost of service on this defendant should be allowed, since the settlement with the Union presumably covered all plaintiff was entitled to from the Union. In the absence of specific cost data from plaintiff, one half of the amount requested ($68) will be allowed.

Fees and disbursements for printing and copying.

The cost of reproducing pleadings and other routine case papers is not allowable. Only two items have been specifically identified as falling into allowable categories: $48.25 for reproducing documents obtained in discovery, and $25 for graphics, presumably charts or other exhibits.

Plaintiff contends that the costs claimed were principally for copying documents obtained pursuant to Rule 34. The Court is aware that substantial discovery was conducted. In the absence of a factual showing supporting this item, however, costs will be limited to 50 per cent of the amount claimed—$339.73.

Fees for witnesses.

Fees and costs reasonably incurred in connection with subpoenaing witnesses may be allowed in the discretion of the Court. L.R.App.A II; *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526, n. 2 (11th Cir.1985). The fees and costs sought here were reasonably and necessarily incurred to locate and subpoena witnesses, and will be allowed.

Costs incident to taking depositions.

Travel costs, apparently counsel's, including parking and gas incident to taking depositions, are not allowable under L.R. App.A IV.B. Witnesses are entitled to be reimbursed at government mileage rates under 28 U.S.C. § 1821(c)(2), but no such claim has been made. The fees for Dr.

Sands are discussed in connection with expert witness fees.

Costs of computer rental and paralegals.

These costs were incurred specifically for this case and would not otherwise have been a part of counsel's overhead expense. They will be allowed. *See Chapman v. Pacific Telephone & Telegraph Co.,* 456 F.Supp. 77, 82–83 (N.D.Cal.1978).

Fees of medical consultants and experts.

■ Plaintiff seeks to recover the following fees for consultants and experts:

| Medical Consultants and Experts | |
| --- | --- |
| Dr. Elkins | $2455.00 |
| Dr. Shamash | 325.00 |
| Dr. Bowstead | 205.00 |
| Dr. Sands | 750.00 |
| **Actuarial/Economic Expert** | |
| James Kenney, CFA | $1100.00 |
| Total | $4835.00 |

Defendant argues that since plaintiff recovered only on a pendent state law claim, state law should govern the allowance of experts' fees. California law, according to defendant, provides that fees of expert witnesses are not allowable costs. Alternatively defendant argues that even if federal law applied, the Court should follow *International Woodworkers v. Champion International,* 790 F.2d 1174, 1181 (5th Cir. 1986), a non-diversity case holding that expert witness' fees in excess of statutory fees are not allowable.

Two issues arise: first, does the *Erie* doctrine require the Court to apply state law in taking expert witness' fees when the judgment rests on a state law claim, and second, if federal law does apply, does the Court have discretion under Rule 54(d) to allow such fees.

*Erie question:*

Application of federal rather than state law to this issue is consistent with *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. Congress enacted Rule 54(d) and §§ 1920 and 1821, all of which govern the allowance of witness fees. Under the analysis of *Hanna v. Plumer,* 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1964), because Congress has spoken on the question of witness fees, federal law controls. Moreover, adherence to federal law is not apt to result in forum shopping. The rules regulating witness fees are more procedural than substantive, and the outcome of a case is not likely to turn on whether such fees will be allowed. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1944). Accordingly, federal courts have applied federal and not state law in determining whether to allow expert witness fees. *See Bosse v. Litton Unit Handling Systems, Etc.,* 646 F.2d 689, 695 (1st Cir.1981) (federal law governs allowance of expert witness fees in diversity cases); *DeRoburt v. Gannett Co., Inc.,* 558 F.Supp. 1223, 1228–29 (D.Haw.1983) ("The determination of which costs are recoverable depends upon judicial interpretation of Rule 54(d) and relevant federal statutes, rather than upon state law"); *Heverly v. Lewis,* 99 F.R.D. 135, 137 (D.Nev.1983) ("Congress has dealt comprehensively with the subject of fees for witnesses by its enactment of § 1821, therefore the federal law is controlling to the exclusion of contradictory state law even in diversity cases"); *Worley v. Massey-Ferguson, Inc.,* 79 F.R.D. 534, 539–40 (N.D.Miss. 1978) (federal law controls allowance of witness fees in diversity suit); *Pizarro-de-Ramirez v. Grecomar Shipping Agency,* 82 F.R.D. 327, 329–330 (D.P.R.1976) ("Focusing on the underlying rationale for *Erie* and its progeny we are convinced that the goals of discouragement of forum shopping and the avoidance of inequitable administration [of] the law are best achieved by observing the mandatory Federal statutory provisions …"); *Thorn v. Bryant,* 52 F.R.D. 25, 26 (W.D.N.C.1970); *and* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2669 (2d ed. 1983). *Cf. Henning v. Lake Charles Harbor and Terminal District,* 387 F.2d 264, 267 (5th Cir.1968) (in diversity action opposing state's exercise of power of eminent domain, state provision allowing landowner's costs of appraisal applied as binding under *Erie*) *and Chemical Bank v.*

*Kimmel,* 68 F.R.D. 679, 682 (D.Del.1975) ("under Rule 54(d), in diversity cases this Court in its discretion has chosen to follow the state rule ... which provides that expert witness fees are taxable as costs").

*Discretion to award expert witness fees:*

■ The question remains whether the Court has discretion under Rule 54(d) to tax expert witness fees in excess of the $30 per diem permitted under § 1821.

The Ninth Circuit held without analysis in *Thornberry v. Delta Air Lines, Inc.,* 676 F.2d 1240, 1245 (9th Cir.1982), *vacated on other grounds,* 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983), that a district court may award expert witness fees where "special circumstances" exist. While *Thornberry* was a civil rights action to which the attorney's fees provision of the Civil Rights Act, 42 U.S.C. § 1988, applied, the court relied only on Rule 54(d). Therefore, *Thornberry* is authority here for the exercise of discretion to allow fees.

The Fifth Circuit, sitting en banc, reached the opposite conclusion in a thoroughly considered decision in *International Woodworkers v. Champion International, supra.* As Judge Rubin's concurring and dissenting opinion points out, however, there is room for differences of opinion on the matter. Presumably, when this issue comes next before the Ninth Circuit it will receive careful consideration. Meanwhile, the Court will exercise its discretion under *Thornberry* to determine whether special circumstances exist in this case.

According to *Thornberry,* the "special circumstances" justifying taxing expert fees "are largely a matter of the reasonable needs of the party in the context of the litigation." *Id.* The trial court had found the expert's testimony "essential" both to prove plaintiff's prima facie case and to rebut the defendant's defense. *Id.* This finding justified allowing the fees.

The testimony of Drs. Elkins, Shamash and Sands was essential to plaintiff's rebuttal of defendant's safety defense. Moreover, their testimony was helpful to the decision of the case. The Court therefore exercises its discretion under Rule

54(d) to allow their fees, including the $600 deposition fee charged by Dr. Sands. That two of these experts were also percipient witnesses does not negate the basis for allowing these fees.

The computations made by plaintiff's actuarial/economic consultant also assisted in the decision of this case and will therefore be allowed.

The fee of Dr. Bowstead, whose testimony was not helpful, will not be allowed.

Accordingly costs will be allowed as follows:

| | |
|---|---|
| Clerk's fees | 105.00 |
| Service of process | 68.00 |
| Printing and copying | 412.98 |
| Witness fees | 251.95 |
| Exemplification of papers | 57.44 |
| Deposition costs | 6,294.00 |
| Consultants and experts | 4,630.00 |
| Computer rental and paralegals | 633.15 |
| Total | 12,452.52 |

Judgment will therefore be entered for plaintiff as follows:

| | |
|---|---|
| Damages | $106,635.00 |
| Attorney's fees, per the Court's order of September 1, 1986 | 38,635.00 |
| Supplemental attorney's fees in connection with calculation and preparation of the judgment | 950.00 |
| Costs | 12,452.52 |
| Total | $158,672.52 |

Defendant's motion to stay entry of the judgment is denied.

IT IS SO ORDERED.