**Manna HEDRU, Plaintiff,**

v.

**METRO–NORTH COMMUTER RAILROAD, Defendant.**

**No. 04 CIV. 8699 CMMDF.**

United States District Court, S.D. New York.

May 18, 2006.

Ira Mark Maurer, Cahill, Goetsch & Maurer, P.C., Croton On Hudson, NY, for Plaintiff.

Jesse Andrew Raye, Metro–North Railroad, New York, NY, for Defendant.

## ORDER RELATING TO RULE 68 COSTS

MCMAHON, District Judge.

On April 17, 2006, which was more than ten days prior to the commencement of the trial in this matter, defendant submitted a Rule 68 Offer of Judgment in the amount of $450,000. Plaintiff declined the offer. Plaintiff prevailed at trial, but the jury awarded him only $100,000. Pursuant to Fed.R.Civ.P. 68, plaintiff is liable for defendant's costs from and after the date the offer was made—April 17, 2006. Plaintiff

also cannot recover an award of costs, even though he was the prevailing party in the lawsuit.

Defendant has submitted to the court a "preliminary itemization" of costs, and has asked that the court either enter judgment on these figures or allow an additional seven days for defendant to "finalize" its costs. Plaintiff protests that many of the items included on the list are not taxable costs.

For the most part, plaintiff is correct.

Rule 68 "costs" are "defined in the same way costs are customarily defined; the rule does not provide an independent warrant for recovery of other costs." 12 Wright, Miller & Marcus, *Federal Practice and Procedure* (Wright & Miller) § 3006 at 121. For that reason, the costs included in Rule 68 do not include any cost not authorized under Rule 54(b). Costs awardable under the Rule should be based on 28 U.S.C. § 1920.

■ For that reason, defendant is not entitled to recover attorneys' fees. Costs taxable under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920 include the following: fees of the clerk and marshal; fees paid to witnesses; expenses of photocopying and the production of documentary and other non-testimonial evidence; expenses of transcription by the court reporter when necessarily obtained for use in the case; docketing fees paid under § 1923; and compensation of court-appointed experts or interpreters. Because FELA does not provide that a defendant's attorneys' fees are "costs," attorneys' fees are not reimbursable under Rule 68. Wright & Miller, *Id., cf., Marek v. Chesny,* 473 U.S. 1, 9–10, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

■ The bulk of the request is for the expert witness fees of Dr. Rosen: $1400 for his consultation, and $8,562.50 for his appearance at the trial. The $1400 consul-

tation appears, from the invoice, to have taken place prior to April 17, 2006, and so would not be reimbursable under Rule 68. Mr. Raye represents that $562.50 of the $8,562.50 was incurred for a post-April 17, 2006 evaluation of data by Dr. Rosen, and I see no reason to question that, since Dr. Rosen issued a second report on the eve of trial. However, it is settled law in this Circuit that "the expense of an expert's research and analysis in preparing for trial, as distinguished from producing an exhibit, is not a recoverable cost." *In re Air Crash Disaster at John F. Kennedy Int'l Airport,* 687 F.2d 626, 631 (2d Cir.1982). Dr. Rosen did not seek the $562.50 for preparing an exhibit; he prepared a supplemental report, but the Court had already ruled that the expert reports could not come in as exhibits. He sought that portion of his fee for research and analysis in preparing for trial—specifically, for reviewing additional medical records of the plaintiff. Under *In re Air Crash Disaster,* I cannot tax that sum as a reimbursable cost under Rule 68.

■ Mr. Raye also submits Dr. Rosen's $8,000 fee for testifying—that is, the fee that he charged for coming to court and spending a day at defendant's beck and call—as "fees paid to witnesses," thereby making it recoverable under Rule 68. He is in error. *See Henkel v. Chicago St. P., M & O Ry.,* 284 U.S. 444, 446, 52 S.Ct. 223, 76 L.Ed. 386 (1932). *Henkel* states the rule for witness fees correctly: "Specific provisions as to the amounts payable and taxable as witness fees was made by Congress . . . additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts." 284 U.S. at 446, 52 S.Ct. 223.

Those fees are prescribed by 28 U.S.C. § 1821, which permits as "fees and allowances" a fixed *per diem* plus travel ex-

penses. A fair reading of the statute would tax the following amounts to plaintiff: (1) $40 for Dr. Rosen's single day of testimony under § 1821(b); and (2) travel expenses to be determined pursuant to § 1821(c). Defendant is invited to submit records for such travel expenses to the court.

Mr. Raye is correct that, absent awards of defendant's attorneys' fees and expert witness fees, Rule 68 has little teeth, at least in cases where the underlying statute does not provide for fee shifting when plaintiff wins.[1] Indeed, precisely because a bill of statutory costs is ordinarily not large enough to provide a substantial incentive to settle, see 12 Wright & Miller, § 3001, p. 68, the Advisory Committee on the Civil Rules admits that the rule has been largely ineffective in achieving its goals. *Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure*, 1983, 98 F.R.D. 339, 363. The remedy for that lies in an amendment to the rule—not with an illegal award of attorneys' fees from this court.[2]

Judgment has already been entered in favor of plaintiff in the amount of $100,000. Metro–North has until May 25 to get me records of any actual "costs" incurred following April 17 that should be taxed in favor of defendant pursuant to Rule 68.

This constitutes the decision and order of the court.

---

1. In such cases, the application of Rule 68 cuts off a plaintiff's right to recover attorneys' fees as of the date of the making of the offer, which is a significant detriment to the plaintiff's lawyer. *Marek v. Chesny, supra.*

2. I harbor considerable doubt that Mr. Raye, as an in-house employee of Metro–North, would be any more entitled to a fee award than would an attorney who represented herself or a member of her family in a lawsuit. But I need not reach that issue in the context of this motion.