SUPERIOR COURT
OF THE
STATE OF DELAWARE

CHARLES E. BUTLER
JUDGE

October 16, 2017

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0656

Lawrance S. Kimmel, Esquire
Kimmel Carter Roman Peltz & O'Neill, P.A.
Plaza 273
56 West Main Street, 4th Floor
Christiana, DE 19702

Richard D. Abrams, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
Citizens Bank Center
919 North Market Street, Suite 200
Wilmington, DE 19801

> **Re:** **Rash v. Moczulski, et al**
> **C.A. No. N13C-06-068 VLM**
> **Defendants' Motion for Costs is GRANTED in part**
> **and DENIED in part.**

Counsel:

This is (hopefully) the last matter to be cleared up concerning this litigation, which saw a verdict for the Plaintiffs for zero dollars, a Superior Court denial of Plaintiffs' new trial motion with *additur* of $10,000 in favor of Plaintiffs, an appeal of the denial of the new trial motion by the Plaintiffs *and* a cross appeal of the *additur* ruling by Defendants, resulting in an affirmance of the Superior Court, and now Defendants' Motion for Costs.

1

The basis for Defendants' Motion for Costs is Defendants' Offer of Judgment pursuant to Del. Super. Ct. Civ. R. 68. Rule 68 provides that where a defendant makes an Offer of Judgment that is not accepted by the plaintiff within 10 days, there may be consequences. "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."[1]

Here, Defendants made an Offer of Judgment in the amount of $50,002 in June, 2015. The offer was not accepted, and a trial was subsequently held. The jury found that Defendants caused injury but assessed the damages at zero dollars. That made no one happy. In lieu of granting a new trial, the Court awarded *additur* of $10,000 which, we now know, fell quite a bit short of the previously rejected Offer of Judgment. Proving that no good deed goes unpunished, we must now sort out the relationship between "costs" payable after a judgment under Rule 54 and after an Offer of Judgment under Rule 68.

For purposes of this discussion, these two superficially conflicting rules can be harmonized by saying that when a Rule 68 Offer of Judgment has been rejected and the judgment is for less than the offer, the Court has no discretion in that it must award costs (a discretion it retains under Rule 54) but the amount of those costs are

---

[1] Del. Super. Ct. Civ. R. 68.

subject to the definition of "costs" under Rule 54, which definition embeds the rule of reasonableness. With all that said, we will get on with it.

## Transcript Fees

After the jury's award of zero dollars to the Plaintiffs, Plaintiffs moved for a new trial. The defense resisted and sought (and was granted) time to get the trial transcript prepared in support of its opposition to the new trial motion. These expenses came after the Offer of Judgment was made, and the Plaintiffs agree that these expenses should be assessed against them, so the Court will award $783 in trial transcript expenses to Defendants.

## Costs on Appeal

Both sides filed cross appeals to the Delaware Supreme Court. In the Court's view, costs on appeal are governed by Supreme Court Rule 20, which states that if the judgment is affirmed, costs are to be taxed to the appellant. In this case, both sides appealed, so both sides were "the appellant," and the judgment was affirmed. The Court is therefore of the view that both sides must bear their own costs of the appeal. This would include Defendants' use of a copy binding service and other miscellaneous charges.

## Expert Witness Fees

Defendants' largest post Offer of Judgment expense was for expert witnesses. Defendants seek an award of the full costs of these experts.

3

Defendants have argued with some persistence that pursuant to the Delaware Supreme Court's decision in *Beaudet v. Thomas*,[2] this Court has no discretion to limit the award to costs that are "reasonable" and that Defendants are entitled to all post offer costs—reasonable or otherwise. In *Beaudet*, the Supreme Court said that in considering a motion for costs after an Offer of Judgment under Rule 68, "[t]he court's discretion is limited to an analysis of whether the requested amounts are appropriately categorized as 'costs' under Superior Court Rule 54."[3]

Rule 68 does not further delimit what is meant by the term "costs." In *Marek v. Chesny*,[4] the U.S. Supreme Court dealt with the question of whether "costs" include attorney's fees. In that case, the Court ruled that the question of recoverable costs under Rule 68 must necessarily reference the statutes or other substantive law being vindicated.[5] In the Supreme Court's view, the term "costs" under Rule 68 is deliberately vague because the recoverable costs may include or exclude various categories of post offer expenses. So, for example, Defendants here make no claim for attorney's fees, yet these "costs" were surely expended by Defendants in post Offer of Judgment litigation. Thus, Defendants' application to the Court is itself

---

[2] 2002 WL 416387 (Del. Mar. 11, 2002) (TABLE).

[3] *Id.* at *1.

[4] 473 U.S. 1 (1985).

[5] *Id.* at 9.

4

inconsistent with its position that all costs, from whatever source, are recoverable after a Rule 68 Offer of Judgment.

And followed to the letter, Defendants have a problem: Rule 54 does not provide that all expert witness fees are taxable as costs. In fact, the only reference to expert witness fees at all is the following, in Rule 54(h): "Fees for expert witnesses testifying *on deposition* shall be taxed as costs pursuant to 10 *Del. C.* § 8906 only where the deposition is introduced into evidence."[6] Otherwise, Rule 54 is silent on payment of any part of an expert's costs. If we look only at Rule 54, one supposes that a "live" expert is less valuable from a cost recovery standpoint than a deposed one, since the Rule allows costs only for the deposed expert.

But Rule 54 expressly incorporates 10 *Del. C.* § 8906, which as a matter of substantive law, allows expert witness fees to be "fixed by the Court in its discretion[.]"[7] Defendants are not content with that, arguing instead that section 8906 is "inapplicable."[8] Defendants contend that Rule 68 actually has primacy over section 8906 because the Superior Court's rulemaking authority can "supersede all statutory provisions in conflict or inconsistent therewith."[9] Defendants would thus

---

[6] Del. Super. Ct. Civ. R. 54(h) (emphasis added).

[7] 10 *Del. C.* § 8906.

[8] Defs.' Suppl. Br. Supp. Defs.' Am. Mot. Costs, D.I. 74, at 6.

[9] *Id.* at 7 (quoting 10 *Del. C.* § 561(c)).

have the Court read the reasonableness of expert fees out of section 8906 and Rule 54 on the grounds that Rule 68 says nothing about reasonableness. But Rule 68 says nothing about expert witness fees either. It is only when we look to Rule 54 and section 8906 that we find allowances for expert witness fees as "costs," and those costs are circumscribed. Moreover, the Court does not have the authority to overrule the legislature, and if it did, the Court would surely find greater injustices to remedy than this one.

It has been said that Rule 68 lacks teeth,[10] but Defendants' somewhat creative arguments are no substitute for an appropriate rule change through appropriate channels. In the meantime, Defendants will have to suffer the Court's discretion to award only "reasonable" expert fees.[11]

---

[10] *Hedru v. Metro-North Commuter R.R.*, 433 F.Supp.2d 358, 361 (S.D.N.Y. 2006).

[11] Defendants candidly direct the Court to numerous Delaware cases that have imposed "reasonable" restrictions on costs assessed under Rule 68. Defs.' Am. Mot. Costs, D.I. 65, at 2 n.3, *citing Rumanek v. Coons*, 2013 WL 5788567 (Del. Super. Sept. 26, 2013); *Miller v. Williams*, 2012 WL 3573336 (Del. Super. Aug. 21, 2012); *Villari v. Mulshenock*, 2009 WL 3630835 (Del. Super. Sept. 24, 2009). *See also Summerhill v. Iannarella*, 2009 WL 891048, at *1-2 (Del. Super. Apr. 1, 2009) (analyzing recoverable costs under Rule 68 as those costs that are recoverable under Rule 54 and 10 *Del. C.* § 8906); *Bond v. Yi*, 2006 WL 2329364, at *2 (Del. Super. Aug. 10, 2006) (referring to 10 *Del. C.* § 8906 to determine recoverable expert witness fees); *Fellenbaum v. Ciamaricone*, 2002 WL 31357917, at *6 (Del. Super. Oct. 16, 2002) (awarding a "reasonable" amount of costs to the defendant as recoverable expert fees); *Gerken v. Atkinson*, 2002 WL 1832322, at *2 (Del. Super. Aug. 8, 2002) (applying "reasonableness" standard in award of expert witness fees under Rule 68); *Mulford v. Haas*, 2001 WL 541023, at *5 (Del. Super. Apr. 25, 2001) (following the approach that costs recoverable under Rule 68 are "no more extensive than those authorized by Rule 54(d).").

## A. Plaintiff Expert Deposition Transcripts

Defendants seek $341.15 in transcription fees for the transcripts of Plaintiffs' expert witnesses. Plaintiffs' expert witnesses testified by videotape, copies of their transcribed depositions were not introduced at trial, and the cost of these transcripts are therefore not recoverable.[12]

## B. Defense Expert Witnesses

Defendants also seek to recover the expenses of Defendants' own experts as were incurred after the Offer of Judgment, which was tendered on June 19, 2015. With respect to defense expert Dr. Jeffrey Wolf, there is a July 9, 2015 $900 invoice for services rendered after June 29. This was apparently a straightforward question by counsel whether herpes and tinnitus are related. $900 is excessive. The Court, in its discretion, will award $250 to Defendants.

There is a second invoice from Dr. Wolf for $7,400 representing trial related services. These are broken down as 5.5 hours at $800/hour ($4,400) for "trial, travel, phone conference" and 5 hours at $600/hour ($3,000) for "Records Review and Trial Preparation." Because trial preparation, records review time, and phone conferences

---

[12] This Court has previously held that awarding costs for the videotaping of a deposition introduced at trial and the preparation of the transcript are duplicative; therefore, both are not permitted as recoverable costs. *Cimino v. Cherry*, 2001 WL 589038, at *2 (Del. Super. May 24, 2001) (citing *Bejger v. Shreeve*, 1997 WL 524057, at *3 (Del. Super. Apr. 15, 1997) and *Cubberly v. Orr*, 1995 WL 654144, at *2 (Del. Super. Oct. 24, 1995)).

are not recoverable,[13] Defendants' failure to differentiate these costs would be reason enough for the Court to deny the application *in toto*.[14] Travel expenses and testimony time is recoverable. In Delaware, "[w]hen a physician testifies as an expert, for three hours or less, a minimum witness fee should be allowed ... based upon a flat amount for a one-half day interruption in the physician's schedule."[15] Defendants' experts both traveled from Baltimore, neither itemized their travel expenses and both seek their respective expert witness hourly rate while getting here. Neither expert itemized their "wait time" versus their "testimony time," seeking their hourly expert rate for all of it. The Court supposes this approach is consistent with

---

[13] *See Lockwood v. Wyatt*, 2006 WL 2338049, at *1 (Del. Super. July 20, 2006) (explaining that any fees incurred for an expert witness' trial preparation are not reimbursable).

[14] *Payne v. Home Depot*, 2009 WL 659073, at n.29 (Del. Super. Mar. 12, 2009) ("[I]f full invoice amounts are submitted upon a motion for costs without adequate itemization, the Court may decline to award costs."). S*ee Smith v. Paul J. Renzi Masonry*, 2016 WL 1591030, at *5 (Del. Super. Mar. 24, 2016):

> It is clear to the Court that Plaintiffs' counsel has abdicated his responsibility to substantiate his Motion for Costs because Plaintiffs' counsel has failed to provide appropriate factual support for the costs he has requested. Furthermore, Plaintiffs' counsel has not applied any legal principles to identify which amount of the requests are legally recoverable and which are barred. Plaintiffs' counsel, instead, treated the Motion for Costs as a mere conduit through which to submit to the Court Plaintiffs' experts' bills leaving the Court with the burdensome task of searching the record to determine what, if any, support exists for the requested costs. As the Court noted in *Payne*, the Court finds that this practice is 'highly disfavored' and significantly falls short of the Courts expectations for counsel presenting a motion for costs.

[15] *Kaczmarczyk v. Liberty Mut. Fire Ins. Co.*, 2014 WL 1316192, at *1 (Del. Super. Feb. 12, 2014) (citing *Sliwinski v. Duncan*, 1992 WL 21132, at *3 (Del. Jan. 15, 1992) (TABLE)).

Defendants' basic argument that if it was a cost to Defendants, it is payable by Plaintiffs without regard to established precedent regarding the scope of recovery. While the Court appreciates Defendants' commitment to its position, simply throwing all of the numbers into the Vitamix and turning on the blender is not helpful.[16]

The Court looks to the Medico-Legal Affairs Committee of the Medical Society of Delaware in establishing the current value of medical expert testimony.[17] Last year, Judge Wharton determined that the inflation adjusted "going rate" for medical experts for a half day court appearance was $2,752.10 to $3,810.60. Here, neither of these doctors actually testified for a half day; it was more like an hour. They did, however, commute from Baltimore to Wilmington, effectively losing the income they might have had from patients during that time. The Court will award Defendants $3,000 in trial related expert witness fees for this witness, making a total of $3,250 for Dr. Wolf.

Defendants utilized a second defense expert, a Dr. Spector, whose bill is likewise limited to services performed after the Offer of Judgment. He has invoiced Defendants for $6,000, which includes "review of records" and "pretrial

---

[16] *See Payne*, 2009 WL 659073, at n.29 ("[A] motion for costs is not an opportunity for the . . . party to 'throw everything at the wall' (or, more to the point, at the opposing party) and see what sticks.")

[17] *Kaczmarczyk*, 2014 WL 1316192, at *1 (citing *Enrique v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2636845, at *1 (Del. Super. June 30, 2010)).

9

conference." Again, these are not recoverable expenses. He also billed $1,500 for 4 hours of "travel day of trial" and $1,500 for 4 hours of "Open Court testimony." His open court testimony was not 4 hours. Like Dr. Wolf, it was more like an hour. As it did for Dr. Wolf, for Dr. Spector the Court will apply a flat half day rate of $3,000.

The Court understands that its award of a recovery of $6,250 in expert witness fees despite Defendants' expenditure of $13,400 after the Offer of Judgment was made is inconsistent with Defendants' position that Rule 68 mandates an award of all costs, regardless of the restrictions developed under Rule 54 or 10 *Del. C.* § 8906. Defendant's arguments implicate serious policy issues[18] that may deserve a forum, but this is not it.

### Conclusion

Therefore, for the reasons stated, Defendants shall collect $7,033 in total, and Defendants' Motion for Costs is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[18] *See, e.g., North Carolina Shellfish Growers Ass'n. v. Holly Ridge Assoc., LLC,* 278 F.Supp.2d 654, 667-69 (E.D. N.C. 2003) (holding that Rule 68 may not be applied against citizen plaintiffs in lawsuits brought under the Clean Water Act). *See also* Jack Starcher, Note, *Addressing What Isn't There: How District Courts Manage the Threat of Rule 68's Cost-Shifting Provision in the Context of Class Actions,* 114 Colum. L. Rev. 129 (2014).