**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3071
_____

ANDREW FULLMAN,
            Appellant

v.

CITY OF PHILADELPHIA;
RASHEEN DICKERSON; STEPHEN CASSIDY;
JARED KRZYWICKI; TERRANCE LYNCH; OFFICER MITCHELL; JOHN DOE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-01536)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit Judges</u>

(Opinion filed: November 27, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andrew Fullman appeals pro se from the judgment entered against him by the District Court after a jury trial, and from its order denying his motion for a new trial. For the reasons set forth below, we will affirm.

This matter, which is before us for a second time, has a complicated procedural history which is familiar to both parties on appeal, so we need not fully recite it here. In the first appeal, we affirmed the District Court's grant of summary judgment in favor of all of the defendants except Rasheen Dickinson, a Philadelphia police officer. See Fullman v. City of Philadelphia, 722 F. App'x 242 (3d Cir. 2018). Fullman alleged that Dickerson had used excessive force against him during a traffic stop. The Appellees in that appeal conceded that the District Court had erred in determining that the excessive force claim was time-barred, and that there was a genuine issue of material fact with respect to the claim. We agreed, and reversed and remanded the matter for further proceedings solely on that claim. Id. at 245-46.

On remand, the case proceeded to trial, where Fullman was represented by counsel, and a jury returned a verdict in favor of Dickerson. Fullman appealed, and filed a timely pro se motion for a new trial. In his brief on appeal, Fullman sets forth the same arguments he made in his post-trial motion: the District Court erred in allowing a female police officer to give perjured testimony and in giving incomplete instructions to the jury regarding the perjured testimony; the District Court abused its discretion in denying Fullman the right to present medical evidence; the District Court was biased against him;

2

and the District Court failed to address Fullman's counsel's ineffectiveness.  The District

Court subsequently denied the motion without opinion, and Fullman filed a new notice of

appeal.[1]

We begin by addressing Appellee's argument that the appeal should be dismissed

because Fullman failed to order or file a transcript pursuant to Federal Rule of Appellate

Procedure 10(b) and 3d Cir. LAR 11.1.  Rule 10(b) requires an appellant to order a

transcript of the parts of the District Court proceedings that the appellant considers

necessary.  Fed. R. App. P. 10(b)(1).  When the Rule is not followed, we have recognized

that Fed. R. App. P. 3(a)(2) permits "the court of appeals to act as it considers

appropriate, including dismissing the appeal."  See Horner Equip. Intern., Inc. v.

Seascape Pool Ctr., Inc., 884 F.2d 89, 92-93 (3d Cir. 1989).  We expressly observed,

however, that such discretion "should be sparingly used," and we noted that several

factors – including whether or not the "defaulting party's action [was] willful or merely

inadvertent" – were important when considering a dismissal for failure to comply with

Rule 10(b).  In his reply to Dickerson's response in opposition to the motion for a new

trial, Fullman asked to be relieved of the requirement to order a trial transcript pursuant to

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We generally review the District
Court's denial of a motion for a new trial pursuant to Fed. R. Civ. P. 59(a) for abuse of
discretion.  See City Select Auto Sales Inc. v. David Randall Assocs., Inc., 885 F.3d 154,
163 (3d Cir. 2018).

the E.D. Pa. Local R. Civ. P. 7.1(e), because he was indigent and couldn't afford it.[2]

Under these circumstances, we decline to dismiss his appeal for failure to comply with a procedural rule. Moreover, we agree with Appellee that the claims can be assessed without a transcript.

Fullman argues that the District Court erred in "overlooking" a "female officer's" perjured testimony. As Appellee notes, however, Fullman had the opportunity to stress before the jury any perceived inconsistencies in the officer's testimony; the credibility of the witnesses was within the province of the jury, not the District Court. See Montano v. City of Chicago, 535 F.3d 558, 567 (7th Cir. 2008) ("[p]erjury is a circumstance to be weighed by the jury in determining a witness's credibility rather than a ground for removing the issue of credibility from the jury by treating the witness's entire testimony as unworthy of belief"). For this reason, there is also no merit to Fullman's claim that the District Court erred in failing to give "clear instructions" regarding a witness's perjury.

Fullman also maintains that the District Court abused its discretion in "refusing any supporting medical evidence from [his] treating orthopaedic (sic) surgeon," because Fullman could not afford a medical expert. Fullman has neither a constitutional nor a statutory right to have an expert witness testify on his behalf in a civil trial. See Johnson

---

[2] It is unclear whether Fullman was aware that he could have requested that transcripts be prepared at government expense under 28 U.S.C. § 753(f), which allows for the preparation of transcripts "if the trial judge or circuit judge certifies that the suit or appeal is not frivolous (but presents a substantial question)." In any event, as the following discussion makes clear, he has not shown that his appeal raises a substantial question.

v. Hubbard, 698 F.2d 286, 288-90 (6th Cir. 1983) (recognizing that neither the Constitution nor the *in forma pauperis* statute, 28 U.S.C. § 1915, require a court to cover the expert witness fees for an indigent litigant), abrogated on other grounds as recognized in L & W Supply Corp. v. Acuity, 475 F.3d 737, 739 & n.6 (6th Cir. 2007); McNeil v. Lowney, 831 F.32d 1368, 1373 (7th Cir. 1987) ("The district court had no statutory authority for waiving the payment of witness fees for Mr. McNeil and, in that regard, cannot be held to have abused its discretion by denying the appellant's requests for the subpoenaing of witnesses."). There is no indication that he moved the Court to appoint an expert pursuant to pursuant to Fed. R. Evid. 706; in any event, the costs of such an expert are borne by the parties. See Fed. R. Evid. 706(b). Moreover, he admits that the evidence he wanted to present – that his surgeon stated that Fullman's injury was the result of his altercation with a police officer – was introduced at trial through Dickerson's expert witness. Accordingly, we discern no abuse of discretion.

We have previously rejected Fullman's next argument – that the District Court was biased against him because of his litigious history. See Fullman, 722 F. App'x at 245-46. None of his allegations here, most of which relate to the claims we've just deemed meritless, demonstrates an inability to render fair judgment. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior

5

proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Finally, Fullman's claim regarding his counsel's alleged ineffectiveness fails because Fullman has no constitutional right to counsel in a civil lawsuit, let alone effective assistance of counsel. See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). The proper avenue of relief is a malpractice action. See id.